## MARSHALL & ILSLEY BANK *v.* MOONEY.

1. PLEDGES—PAYMENT OF DEBT—RELEASE OF LIEN.
   Where a note given to a bank by a corporation was indorsed by its directors, and defendant executed a note and mortgage as collateral security for his indorsement on the bank note, the lien created by said note and mortgage was released by a renewal of the bank note without defendant's indorsement.

2. SAME—CONTRIBUTION—RIGHT OF COINDORSERS TO COLLATERAL.
   Although defendant's coindorsers may have a right to demand of defendant that he contribute his share of the amount paid on said bank note, the doctrine of contribution would give them no legal title to, nor lien on, the note and mortgage.

205—Mich.—33.

3. SAME—BILLS AND NOTES—RULE AS TO COLLATERAL.
 The rule that where collateral security is furnished by the
  maker of a note, upon payment thereof by the sureties
  they would have a right to demand the collateral, does
  not apply where a third party furnishes security in aid
  of an indorsement.

4. PARTIES—REAL PARTY IN INTEREST—STATUTES.
 A bank to whom defendant gave a note and mortgage as
  security for his indorsement on a note given to it by a
  corporation of which he was a director, would not be
  a holder for value under 2 Comp. Laws 1915, § 6068, after
  its note was paid, and it therefore had no such interest
  in said note and mortgage as entitled it to bring fore-
  closure proceedings, since section 12353, 3 Comp. Laws
  1915, commands that every action shall be prosecuted in
  the name of the real party in interest.

Appeal from Van Buren; Des Voignes, J. Submit-
ted January 29, 1919. (Docket No. 61.) Decided
April 3, 1919.

Bill by the Marshall & Ilsley Bank against Walter
J. Mooney and another to foreclose a mortgage. De-
fendants filed a cross-bill asking for the cancellation
of said mortgage. From a decree for plaintiff, de-
fendants appeal. Reversed, and bill dismissed.

*Thomas J. Cavanaugh,* for plaintiff.

*James E. Chandler* (*W. J. Barnard,* of counsel), for
defendants.

BIRD, C. J. The thing sought to be done in this pro-
ceeding is to foreclose a mortgage for $2,000 given by
defendants to the plaintiff bank on certain real estate
in Van Buren county. The circumstances attending
the giving of the mortgage are that defendant Mooney
was financially interested in the Milwaukee Western
Cold Storage Company, a Wisconsin corporation, and
was one of the directors thereof. In January, 1914,
the company's business needs required a loan of $12,-

000.  Application was made to the plaintiff bank.  The
bank was unwilling to make the loan unless the com-
pany's paper was indorsed by the directors.  This was
assented to by the directors and the note was made by
the company and indorsed by the six directors, in-
cluding defendant Mooney.  There is some testimony
to the effect that the directors agreed that those not
responsible should secure their indorsements to the
bank.  On account of this agreement, or for the pur-
pose of restricting his liability, defendant Mooney
gave to the bank the note and mortgage in question
for the purpose of securing his indorsement.  The
$12,000 note became due on May 28, 1914, and was
renewed.  It was renewed again on September 28th,
and again on January 28, 1915, defendant Mooney
signing each renewal with the other directors except
the last one.  The last renewal of January 28, 1915,
he did not sign.  Soon after the last renewal the com-
pany went into bankruptcy and later paid a dividend
of 9.6%.  After this dividend was deducted from the
amount of the note the other five directors, who in-
dorsed the last renewal, paid the balance of the $12,000
note, and the same, together with defendants' note
and mortgage, was surrendered to them.  A demand
was then made upon Mooney for contribution but he
did not respond.  The five directors thereupon turned
the note and mortgage over to the bank for collection
and it commenced this foreclosure proceeding.

Defendants answered the bill and denied the right
of the bank to foreclose the mortgage because the prin-
cipal indebtedness to which the present note and mort-
gage was collateral had been paid and canceled, there-
by releasing the lien, and because plaintiff had no such
interest in the note as would permit it to recover
thereon, and by way of cross-bill they ask to have their
note and mortgage declared canceled and surrendered
to them.  These objections of defendants were over-

ruled and relief upon their cross-bill was denied. A decree ordering a foreclosure and sale was made and defendants have appealed therefrom.

Defendants executed the note and mortgage in question to secure the plaintiff bank on defendant Mooney's indorsement of the company's note, dated January 28, 1914. Defendants' note and mortgage bore the same date. The principal note was renewed on May 28th and again on September 28th, with six indorsers. On January 28th it was renewed again without defendant Mooney's indorsement. The last note indorsed by Mooney was canceled and marked paid by plaintiff. It was paid by the note indorsed by the five directors and dated January. 28, 1915. Whether Mooney had knowledge of the last extension does not appear, but whether he did or not, the last note was finally paid by the five indorsers and the indebtedness and note canceled. In any view of the case this had the effect of releasing the lien created by defendants' mortgage. 31 Cyc. p. 853, and cases; 22 Am. & Eng. Enc. Law, p. 881. The effect of making payment of the principal indebtedness released the lien and plaintiff no longer had any right to the possession of defendants' collateral, and as between the bank and defendants it was the duty of the bank to surrender both note and mortgage to the defendants.

It is insisted in the brief that defendant's coindorsers have equities in the note and mortgage, and that this is an attempt to enforce it for their benefit. It is quite possible they may have a right to demand of defendant Mooney that he contribute his share of the amount paid on the principal indebtedness, but the doctrine of contribution would give them no legal title to nor lien on the note and mortgage. It must not be overlooked that this collateral was furnished to the payee by a surety and not by the maker. Had the note and mortgage in question been given by

the maker of the note, upon payment thereof by the sureties, they would have a right to demand the collaterals, but that rule does not apply where a third party furnishes security in aid of an indorsement. 32 Cyc. p. 294.

Plaintiff does not pose in the bill of complaint as assignee, nominal party or in a representative capacity, but it does pose as the real party in interest. By the testimony it is disclosed that plaintiff had neither equitable nor legal title to defendants' note and mortgage when the action was commenced, or that it had any lien thereon. It would, therefore, seem that plaintiff has no such interest in the subject-matter of the controversy as would entitle it to relief.

Counsel argues that section 6092, 2 Comp. Laws 1915, authorizes the suit in plaintiff's name. This section provides that:

"The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument."

The bank was a holder for value of defendants' note to the extent of its lien. Section 6068, 2 Comp. Laws 1915. This section provides that:

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

See, also, *Graham* v. *Smith*, 155 Mich. 65.

We think it would follow that after the indebtedness was paid and the lien discharged, the bank would not be a holder of the note within the meaning of the foregoing statute. We are of the opinion that under the provision of the judicature act (3 Comp. Laws 1915, § 12353), which commands that "every action shall be prosecuted in the name of the real party in interest," no relief can be granted to the plaintiff, and as the record does not call upon us to

consider what the liabilities or equities, or rights of subrogation may be as between Mooney and his co-indorsers, we conclude that the decree must be reversed and the bill dismissed. Defendants will not be entitled to a decree on their cross-bill against plaintiff for a cancellation and surrender of their note and mortgage, because it is apparent that all parties claiming an interest are not before the court. Defendants will recover their costs of both courts.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS. STONE, and KUHN, JJ., concurred.