WATERS, *for use of* COMMERCIAL CASUALTY INSURANCE
CO., *v.* SCHULTZ.

PARTIES—STATUTE REQUIRING ACTION TO BE BROUGHT IN NAME OF
REAL PARTY IN INTEREST MANDATORY.

> Where an action was brought in the name of a party for
> the use and benefit of another, defendant's motion to
> dismiss the case for want of the proper party in interest
> should have been granted, the provision of the statute
> (3 Comp. Laws 1915, § 12353) requiring that the action
> shall be brought in the name of the real party in interest
> being mandatory.[1]

Error to Oceana; Vanderwerp (John), J.   Submitted October 16, 1925.   (Docket No. 90.)   Decided December 22, 1925.

Case by Dudley H. Waters, for the use and benefit of the Commercial Casualty Insurance Company, against W. J. Schultz for damage to plaintiff's automobile.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Dunham, Cholette & Quail* (*Earl G. Pugsley,* of counsel), for appellant.

*F. E. Wetmore,* for appellee.

MOORE, J.   Dudley H. Waters brings this suit against the defendant, and seeks to recover damages from the defendant for the benefit of the Commercial Casualty Insurance Company of Newark, New Jersey, by whom the plaintiff was insured, such claim being on account of damages which the plaintiff claims to have sustained when his automobile was struck by the defendant's automobile.   Mr. Schultz denied liability

---

[1]Parties, 30 Cyc. p. 44.

and made a claim for damages to his automobile when it collided with the plaintiff's automobile. The trial judge eliminated the latter claim because he thought defendant was negligent as a matter of law, but submitted the case of the plaintiff to the jury which found in favor of the defendant. The case is brought into this court by the plaintiff by writ of error, and it is insisted by him that the court erred in the admission of testimony, also in his charge, and also in not granting a new trial.

Defendant insists there should have been a directed verdict because the case is not properly brought. The declaration recites the fact that the damages, because of the injury to the car of the plaintiff, were paid to the plaintiff by the Commercial Casualty Insurance Company.

We quote from the declaration:

"In consideration of the payment to plaintiff of the sum of $2,000 in full settlement of the loss hereinafter mentioned, plaintiff executed and delivered to said Commercial Casualty Insurance Company a subrogation receipt or assignment, whereby said company became subrogated to all of the rights of plaintiff against the defendant herein named, and plaintiff prosecutes this action for, in behalf of and for the use and benefit of said Commercial Casualty Insurance Company."

On the trial plaintiff testified in part as follows:

"They (the insurance company) actually paid me the sum of $2,000. I received a draft and executed this release June 1, 1922, signed and sworn to before Mr. Baren, notary public, of Kent county. At the same time I executed this assignment, Exhibit 3.

"This case is brought by me for the sole benefit of the Commercial Casualty Insurance Company under this receipt for $2,000. I am not prosecuting any claim of my own. Whatever is recovered belongs to the insurance company. * * *

"I have no interest in this. The whole cause of

action belongs to the insurance company.    Any judgment rendered would fall entirely to them."

Because of this testimony defendant insisted the case was improperly brought, and should be dismissed. Plaintiff insists that as defendant is the appellee he cannot now raise the question.

A like situation developed in the case of *Mueller* v. *Telephone Co.*, 230 Mich. 173, where it was held that the defendant did not lose the benefit of his motion. When this motion was made by the defendant, plaintiff did not see fit to amend his declaration, but insisted the suit was properly planted, and the trial judge held with him.    This feature of the case is not new in this court.    Some of the cases are *Marshall & Ilsley Bank* v. *Mooney,* 205 Mich. 518; *Michigan Employers Casualty Co.* v. *Doucette,* 218 Mich. at page 366, where it is said:

"What was formerly permissive is now mandatory. All suits must be prosecuted in the name of the real party in interest."

See, also, *People, for use of Herbert,* v. *McKinley,* 220 Mich. 112.

The motion to dismiss the case for want of the proper party should have been granted.    This conclusion makes it unnecessary to discuss the assignments of error.

Judgment is affirmed, with costs to the appellee.

McDONALD, C. J., and CLARK, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.    BIRD, J., did not sit.