### WOODLEY *v.* LANCASTER.

1. NEGLIGENCE—SIDEWALKS—VERDICTS—GREAT WEIGHT OF EVIDENCE.
   In action by tenant of defendants' apartment building for injuries she sustained when she fell on the sidewalk in front of the building, the verdict for defendants was not against the great weight of the evidence where the evidence was conflicting as to whether the accident occurred on the public sidewalk or on sidewalk leading therefrom to the apartment and as to whether latter was free from ice.

2. PARTIES—REAL PARTY IN INTEREST.
   The statutory provision that civil actions be prosecuted in the name of the real party in interest is mandatory (3 Comp. Laws 1929, § 14010).

3. SAME—REAL PARTY IN INTEREST—EVIDENCE.
   Inquiry by defendant as to whether plaintiff who had been injured in a fall on the sidewalk was the real party in interest in the action was justified under statute requiring prosecution of an action at law in the name of the real party in interest and where defendants did not unreasonably pursue their inquiry, admission of testimony relative to plaintiff's insurance and assignment of her claim was not reversible error (3 Comp. Laws 1929, § 14010).

4. SAME—REAL PARTY IN INTEREST—STATUTES.

    Statutory requirement that every action to be prosecuted by the real party in interest applies only to the party prosecuting, not defending, the action (3 Comp. Laws 1929, § 14010).

Appeal from Wayne; .Murphy (George B.), J. Submitted October 7, 1943. (Docket No. 40, Calendar No. 42,321.) Decided December 29, 1943. Rehearing denied February 24, 1944.

Case by Marie Woodley against Joseph Lancaster and others for personal injuries sustained when she fell on an icy sidewalk. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Walter M. Nelson*, for plaintiff.

*Mason, Davidson & Mansfield (Carl F. Davidson,* of counsel), for defendant.

STARR, J. Plaintiff, a nurse, about 45 years old, was a tenant in an apartment building owned by defendants in the city of Highland Park. About noon, February 13, 1940, while walking from the apartment building to the street, she slipped and fell, sustaining a leg fracture and other injuries.

In January, 1941, she began the present suit to recover damages resulting from her injuries, which she alleged were caused by defendants' negligence in failing to keep and maintain the walk leading from the apartment to the street in good condition of repair and free of snow and ice. Defendants answered, denying the charge of negligence and plaintiff's right to recover. The case was submitted to the jury, which returned a verdict for defendants on which judgment was entered. Plaintiff appeals, contending, in substance, that the verdict was against the great weight of the evidence; that the trial court committed prejudicial error by admit-

ting testimony indicating that plaintiff was personally insured against the risk of her accident; and also that the trial court erred in its instructions to the jury.

The cement walk leading from the apartment building to the public sidewalk was about 20 feet in length, about four feet in width, and sloped gradually toward the street. At the junction such private walk was from one-half inch to an inch lower than the public walk. It had rained the night before, had turned colder, and there was a light fall of snow during the morning of February 13th. On that day public sidewalks throughout the city were icy in places and slippery. The testimony indicated some uncertainty as to whether plaintiff slipped and fell on defendants' private walk or on the public sidewalk. She testified in part:

"The preceding night had quite a bit of rain, and had frozen over night. * * * I did not notice ice on the walk before I went out. * * * The sidewalk was covered with snow. * * * That ice was in the last section of the private walk. * * * I slipped about a foot or so away from the public walk. I slid and fell right on the intersection Right where the two sidewalks joined. I was part way on the private sidewalk and partly on the public sidewalk."

A high school teacher called as a witness by defendants testified in part:

"I remember the condition of the public sidewalks on that day, the day of the accident. They were rather icy. * * * I did not witness this accident. At some distance from the scene of the accident, I saw a woman (plaintiff) sitting on the sidewalk. * * * As I arrived on the spot, my assistance was asked. * * * It is my impression that she was sitting * * * right in the middle of the public

sidewalk, and almost directly in front of the sidewalk leading into the apartment house. * * * I would say she was approximately in the center of the public sidewalk.''

There was conflict in the testimony regarding defendants' care of the private walk and as to its condition at the time of the accident. Plaintiff's testimony indicated that the walk was icy and slippery and had not been properly cared for. Defendants presented testimony that a caretaker had placed salt on the private walk at about 7 o'clock in the morning and that it was in good condition. There was also conflict regarding the condition of the apartment eaves troughs and drain pipes. Plaintiff claimed that defendants had negligently permitted them to become clogged with twigs and refuse from an overhanging tree, causing an overflow of water onto the private walk; and that such overflow resulted in the icy condition which caused her fall. Witnesses called by defendants testified that new eaves troughs had been installed "three or four years" prior to the accident and that such troughs had been properly cleaned and were not plugged with refuse.

Such conflicting testimony raised issues of fact as to defendants' alleged negligence and plaintiff's contributory negligence. The jury as trier of the facts, having seen and heard the witnesses, was in a better position to judge the credibility of and the weight to be accorded their testimony, and we are not disposed to interfere with its finding. We cannot say that the verdict was against the great weight of the evidence.

Plaintiff next contends that the trial court committed prejudicial error in its instructions to the jury. We have carefully examined the instructions given, and, although somewhat repetitious, we are

satisfied that they fully and fairly presented the questions of fact involved and the law properly applicable thereto.

The serious question raised by plaintiff is whether or not there was prejudicial error in the admission of testimony indicating that she was personally insured against the risk of her accident. During counsel's cross-examination of plaintiff, the following occurred:

"*Q.* And you had an accident policy with the Michigan Benefit Insurance Company, did you not?
"*A.* Yes.

"*Plaintiff's attorney:* Now, if the court please, I submit that is immaterial. Any policy with an insurance company is not involved, not one of the issues in this case.

"*The Court:* How is it material?

"*Defendants' attorney:* It is, if she assigned part of her claim (against defendants) to the Michigan Hospital Benefit Association.     *     *     *

"*The Court:* You might ask if she did.

"*Q.* Did you assign any part of your claim over to the Michigan Hospital Benefit Association. *     *     * To the Michigan Hospital Benefit Insurance Company, in the Buhl building? .

"*The Court:* Did you give it to them, assign it, turn it over?

"*A.* No, definitely not.

"*Defendants' attorney:* O. K., that's all.

"*A.* Only my fees, if that what you mean."

Plaintiff claims that the admission of such testimony regarding her insurance was prejudicial and constituted reversible error. Defendants argue that such inquiry regarding insurance and the assignment of her claim was proper for the purpose of ascertaining whether or not she was the "real party

in interest." 3 Comp. Laws 1929, § 14010 (Stat. Ann. § 27.654), provides in part:

*"Every action shall be prosecuted in the name of the real party in interest:* * * * provided further, that where an assignment of a part of a cause of action in tort has been made by an insured to an insurer, both assignor and assignee may join in an action on such claim, and a joint judgment shall be rendered for all the damages to which either or both may be entitled."

We have consistently held that the above statute mandatorily requires that all suits be prosecuted in the name of the real party in interest. In *Michigan Employers Casualty Co.* v. *Doucette,* 218 Mich. 363, we said:

"What was formerly permissive is now mandatory. All suits must be prosecuted in the name of the real party in interest."

See, also, *Cyrowski* v. *Wojcik,* 280 Mich. 476; *Waters, for use of Commercial Casualty Ins. Co.,* v. *Schultz,* 233 Mich. 143.

We have sustained the dismissal of suits where it was shown that the plaintiff had assigned his claim against the defendant to an insurance company and was not the real party in interest. *Heck* v. *Henne,* 238 Mich. 198; *Waters, for use of Commercial Casualty Ins. Co.,* v. *Schultz, supra; Mueller* v. *Citizens Telephone Co.,* 230 Mich. 173.

We have repeatedly held that it was proper for a defendant to question a plaintiff regarding assignment of his claim and also to present testimony showing that plaintiff was not the real party in interest. In *Mueller* v. *Citizens Telephone Co., supra,* plaintiffs sued to recover damages resulting from a fire which they alleged was caused by defendants' negligence. Plaintiffs were questioned regarding

insurance on the building and the assignment of their claim against defendants. In that case Mr. Justice Wiest, writing for the court, said, p. 179:

"Plaintiffs insist there was reversible error in questioning them about their interest in the case. Several insurance companies, carrying risks on plaintiffs' factory building, made proportionate contributions and paid the loss sued for, and each took an assignment to the extent of money so paid. * * * It is not error to ask about a subject which good pleading demands should be set forth in a declaration. Plaintiffs admitted they had no interest in the result of the suit and *defendants had an undoubted right to find out who had an interest.*"

In *Cox* v. *Detroit United Railway,* 234 Mich. 597, the plaintiff sued for injuries sustained in an automobile accident. During the trial defendant sought to present evidence showing that plaintiff had assigned his claim and was not the real party in interest. The trial court held such evidence was not admissible under defendant's plea of the general issue. In reversing such holding, we said:

"But the language of section 12353, 3 Comp. Laws 1915, 'Every action shall be prosecuted in the name of the real party in interest' has been held to be mandatory. *Michigan Employers Casualty Co.* v. *Doucette,* 218 Mich. 363; *People, for use of Herbert,* v. *McKinley,* 220 Mich. 112; *Marshall & Ilsley Bank* v. *Mooney,* 205 Mich. 513; *Waters, for use of Commercial Casualty Ins. Co.,* v. *Schultz,* 233 Mich. 143.

"In the *Doucette Case* and in *Mueller* v. *Citizens Telephone Co.,* 230 Mich. 173, the plea was the general issue. But the said defense was made. And under the rule of those cases, the court in the case at bar was in error in excluding the evidence offered. It seems that the rule should have been followed and defendant permitted, without notice under its plea, *to show, if it could, that plaintiff was not the real party in interest.*"

See, also, *Marsh* v. *Barnard,* 236 Mich. 471; *Waters, for use of Commercial Casualty Ins. Co.,* v. *Schultz, supra.*

In the case of *McDowell* v. *Warden of Michigan Reformatory at Ionia,* 169 Mich. 332, 336, we said:

"It has long since been well settled by abundant authority that the courts can and will look through and beyond the nominal parties on a record to determine who are the real parties in interest to a suit."

In the present case defendants were entitled to question plaintiff for the purpose of ascertaining whether or not she was the real party in interest. Such inquiry was justified under the statute which mandatorily requires every action to be prosecuted "in the name of the real party in interest." To hold that defendants could not so question plaintiff would, in effect, nullify the statutory provision hereinbefore quoted. Defendants did not unreasonably pursue their inquiry, and we conclude that the admission of testimony relative to plaintiff's insurance and the assignment of her claim was not reversible error.

Because the statute requiring every action to be prosecuted by the real party in interest applies only to the party prosecuting the action, the situation in the present case is entirely different from that involved in cases where the defendant carries insurance protecting him from liability. Therefore, our holding in this case should not be construed as in any way affecting our decisions forbidding testimony regarding insurance carried by a defendant for his protection.

The judgment for defendants is affirmed. They shall recover costs.

Boyles, C. J., and Chandler, North, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.