CADILLAC AUTO DEALERS v. DeCLERK.

1. PARTIES—REAL PARTY IN INTEREST—JOINDER IN INJUNCTION SUIT.
   Trial court did not abuse discretion in granting motion to add 6 licensed automobile dealers as plaintiffs to suit by voluntary association of automobile dealers to enjoin arrangement whereby defendant automobile dealer was to sell automobile licenses and plates for defendant secretary of State, since the added parties are real parties in interest to such suit (CL 1948, §§ 612.2, 612.10, 612.13).

2. SAME—JOINDER—INJUNCTION.
   Several plaintiffs may be joined in one suit for injunction when they are all injured in a similar manner and are interested in same sort of relief.

3. INJUNCTION—AUTOMOBILE DEALERS—BRANCH OFFICE OF SECRETARY OF STATE.
   Bill by automobile dealers and their voluntary association to enjoin operation of secretary of State's branch office by de-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 28 Am Jur, Injunctions § 276; 39 Am Jur, Parties §§ 29, 33.
[3] 28 Am Jur, Injunctions § 280 et seq.
[4] 28 Am Jur, Injunctions §§ 162, 168, 241.
[5] 28 Am Jur, Injunctions §§ 47, 48.
[6] 14 Am Jur, Costs § 37.

fendant, also a licensed automobile dealer, stated a cause of action for equitable relief not determinable on hearing on motion to dismiss, where it alleged that appointment of defendant dealer to such position was, in effect, an unlawful discrimination against other licensed automobile dealers, it gave defendant dealer preferred information and trade secrets which the secretary of State required in the administration of the vehicle code; it would prevent competition and afford him ability to control the price of automobiles locally and result in irreparable damage to plaintiffs in their business of selling automobiles (PA 1949, No 300, §§ 205, 251).

4. SAME—CIRCUIT COURT—STATE OFFICER.

A circuit court has jurisdiction to grant injunctive relief against a State officer.

5. SAME—IRREPARABLE DAMAGE.

Circuit court's denial of motion to dismiss bill to enjoin secretary of State and defendant automobile dealer from selling automobile license plates or continuing such sales on latter's premises while still in such business is affirmed, where it alleged that such arrangement will result in irreparable damage to plaintiff dealers (PA 1949, No 300, §§ 205, 251).

6. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES.

No costs are allowed in suit by plaintiff automobile dealers to enjoin sale of automobile license plates by secretary of State and defendant automobile dealer at latter's place of business at county seat, where a public question concerning statutes is involved (CL 1948, §§ 612.2, 612.10, 612.13; PA 1949, No 300, §§ 205, 251).

Appeal from Wexford; Campbell (Howard L.), J. Submitted June 15, 1955. (Docket No. 50, Calendar No. 46,469.) Decided October 3, 1955.

Bill by Cadillac Auto Dealers, a voluntary association, and 6 automobile dealers in the City of Cadillac against William DeClerk and James M. Hare, Secretary of State, to enjoin the establishment of a branch office for the sale of automobile license plates under the management of a competing dealer. Motion to dismiss denied. Defendants appeal. Affirmed and remanded.

*Eugene Christman,* for plaintiffs.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for defendants.

BOYLES, J. This is an appeal, on leave granted, from an order denying defendants' motion to dismiss a bill of complaint. Plaintiffs are licensed automobile dealers in Cadillac, in Wexford county. Originally, under the name "Cadillac Auto Dealers," they filed a bill of complaint in the circuit court in Wexford county to enjoin the defendant secretary of State and one William DeClerk, who had been appointed by the secretary of State as his branch manager to sell automobile licenses and plates in Wexford county, from carrying into effect or continuing an arrangement to sell automobile licenses from the premises of DeClerk, a licensed automobile dealer. Plaintiffs also sought to enjoin DeClerk from engaging in the business of branch manager to sell automobile licenses so long as he retained his license as an automobile dealer.

The defendants moved to dismiss the bill of complaint on various grounds, 3 of which they now rely upon on this appeal. The trial court, on hearing, entered an order denying defendants' motion to dismiss, as to both defendants, without giving the reasons therefor so far as shown by the record here. The defendants appeal.

1. Appellants claim that the trial court erred in granting plaintiffs' motion to amend the bill of complaint by adding as parties plaintiff 6 licensed automobile dealers in Cadillac. The bill of complaint amply shows that the licensed automobile dealers who have been added as plaintiffs are real parties in interest, and the court did not abuse its discretion

in granting the motion to add them as plaintiffs. CL 1948, §§ 612.2, 612.10, 612.13 (Stat Ann §§ 27.654, 27.662, 27.665).

CL 1948, § 612.13 (Stat Ann § 27.665), *supra*, states:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

In *Albaugh* v. *Abbott,* 253 Mich 588, 593, the Court said:

"A number of plaintiffs may be joined in one action when they are all injured in a similar manner and are interested in the same sort of relief."

See, also, *Woodley* v. *Lancaster,* 307 Mich 473, 478: *Michigan & Vicinity Conference Board, International Molders & Foundry Workers Union of North America, A. F. of L.,* v. *Enterprise Foundry Co.,* 321 Mich 265.

2. Does the bill of complaint state a cause of action?

3. Is injunction a proper remedy?

These questions may well be considered together, inasmuch as both depend upon the allegations in the bill of complaint, especially in considering whether they apply to both defendants.

The bill of complaint alleges that the designation of DeClerk's automobile retail sales agency for the branch office and his appointment by the secretary of State as branch manager for the sale of automobile licenses in Wexford county is, in effect, an unlawful discrimination against other licensed automobile dealers; that it gives DeClerk preferred in-

formation derived from the applications for automobile licenses and the records pertaining to the sale, issue and distribution of license plates, together with such other data as to the price of cars, "trade-in-value," et cetera, which the secretary of State requires to be furnished his branch managers in processing the sale and distribution of license plates to car owners. It alleges that the sale of licenses and distribution of automobile license plates is closely related to the sale of automobiles; that, in the sale of automobile license plates, certain information which constitutes property of the plaintiffs will be received by DeClerk; that he will come into possession of trade secrets belonging to the plaintiffs; that these trade secrets include secrets of these plaintiffs and DeClerk's other competitors relating to the price of new and used automobiles and trade-in value of said used automobiles, also gives DeClerk a prospective customer list of each of his competitors' customers, a list of prospective purchasers of automobiles. It further alleges that the arrangement between the secretary of State and DeClerk has for its purpose the prevention of competition, and will afford DeClerk the ability to control the price of automobiles locally. It further alleges that the arrangement between said defendants will result in irreparable damage to each of plaintiffs because it will furnish to DeClerk, as a preferred dealer, an exclusive list of plaintiffs' individual prospects and give him important and valuable trade secrets belonging to the individual plaintiffs. The bill alleges that plaintiffs have a property right in the information which the secretary of State requires in applying for automobile licenses, that under the statute law it is required that said information be kept secret, that the arrangement will result in unfair competition, and that

it will result in irreparable damage to the business of the plaintiffs in selling automobiles.

Section 251, ch 2, of the motor vehicle code,* requires that detailed information regarding the sale of a motor vehicle must be furnished with every application for a title or a transfer of title of a motor vehicle. Plaintiffs' bill alleges that for them to be required to furnish this information to DeClerk as to their business transactions would result in irreparable damage to them. They allege that under the provisions of the motor vehicle code this information is private property, and that section 1, art 13, Michigan Constitution (1908), prevents private property from being taken and used by DeClerk without just compensation therefor.

We do not agree with appellants that the plaintiffs have an adequate remedy at law for damages under the circumstances alleged in the bill of complaint. It states a cause of action against the defendants which should not be decided on the hearing of a motion to dismiss.

Section 205, ch 2, of the motor vehicle code,† requires the secretary of State to establish a branch office in Cadillac, being the county seat of Wexford county, and provides for the appointment of a manager to conduct such branch office. Under the statute law the secretary of State issues licenses to automobile dealers, as well as providing for branch offices to receive applications for automobile licenses, and for delivering license plates. The bill of complaint alleges that the secretary of State and DeClerk, a licensed automobile dealer, have entered into an agreement claimed to be unlawful and inequitable and to result in irreparable damage to their same business carried on by plaintiffs as that of DeClerk,

---

* PA 1949, No 300, as amended (CLS 1954, § 257.251, subd [c] [Stat Ann 1952 Rev § 9.1951, subd (c)]).

† CLS 1954, § 257.205 (Stat Ann 1952 Rev § 9.1905).

under like licenses issued by the secretary of State. The door of the equity court must be open to hear their cause. Appellants argue that the circuit judge does not have jurisdiction to grant mandamus against a State officer. Plaintiffs seek injunctive relief only.

The bill of complaint connects the secretary of State, who has the sole authority to license automobile dealers and appoint branch managers, with plaintiffs' cause of action against DeClerk, by alleging that the secretary of State and DeClerk have entered into an unlawful arrangement to conduct the sale and distribution of automobile licenses in Wexford county from the office and business place of DeClerk at 720 N. Mitchell, in Cadillac; and that if carried out it will result in irreparable damage to plaintiffs' business of selling automobiles as licensed dealers. Plaintiffs ask that the secretary of State and DeClerk be enjoined from selling automobile license plates or continuing such sales on the premises of DeClerk.

The trial court did not abuse its discretion in denying appellants' motion to dismiss the bill of complaint. The denial is affirmed and the case remanded for further proceedings. No costs, a public question concerning the statutes being involved.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, and DETHMERS, JJ., concurred.

KELLY, J., did not sit.