MASON COUNTY AUTOMOBILE DEALERS
ASSOCIATION v. HANSEN.

1. APPEAL AND ERROR—PLEADING—MOTION TO DISMISS.
   Well-pleaded allegations of a bill of complaint are accepted as true on motion to dismiss before a hearing on the merits when testing the bill on appeal.

2. SAME—CHANCERY CASES—HEARING—RECORD.
   Whether or not a plaintiff is entitled to relief after hearing on the merits in a chancery case is decided on the whole record including the pleadings and the testimony.

3. INJUNCTION—BRANCH OFFICE OF SECRETARY OF STATE—AUTOMO-
   BILE DEALERS—EVIDENCE—MONOPOLY.
   Plaintiff association of automobile dealers who failed to adduce proof that defendant automobile dealer influenced defendant branch manager of the office of defendant secretary of State into giving such dealer desirable information to exclusion of competitors by virtue of the location of the branch office in the garage of defendant dealer for the purpose of issuing and selling automobile license plates was not entitled to decree enjoining continuance of such location as site of the branch office; a mere showing that such juxtaposition afforded an opportunity to indulge in such an illegal, and therefore enjoinable, monopolistic practice being insufficient.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 852.
[3] 28 Am Jur, Injunctions § 148 et seq.

4. COSTS—INJUNCTION—LOCATION OF BRANCH OFFICE OF SECRETARY
   OF STATE.
   No costs are allowed in suit to enjoin maintenance of branch
   office of secretary of State for sale of automobile license plates
   in defendant automobile dealer's garage.

Appeal from Mason; Neal (Max E.), J. Submitted January 17, 1957. Reargued April 3, 1957. (January Docket No. 78; April Docket No. 18, Calendar No. 47,079.) Decided June 3, 1957.

Bill by Mason County Automobile Dealers Association, a voluntary association, against Edward O. Hansen, Henning Runquist and James M. Hare, Secretary of State, to enjoin the establishment of a branch office for the sale of automobile license plates upon the premises of a licensed automobile dealer. Decree for plaintiff. Defendants appeal. Reversed and remanded for entry of decree dismissing bill.

*Eugene Christman,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for defendants.

BLACK, J. Two bills containing identical allegations and prayers were filed respectively in the Wexford and Mason circuits. Both were tested on motion to dismiss as shown in *Cadillac Auto Dealers* v. *DeClerk,* 343 Mich 20; and *Mason County Automobile Dealers Association* v. *Hansen,* 343 Mich 506. In the cited cases we upheld denial of the respective motions to dismiss. The second of the 2 cases—*Mason*—has now been tried. The chancellor—in *Mason*—found on the trial record before him that the plaintiff association had established the material allegations of its bill and was entitled to relief as prayed for. De-

cree accordingly passed for the plaintiff. Defendants appeal.

The chancellor, we conclude, has misapprehended the purport and extent of our ruling that defendants' motion to dismiss the bill—in *Mason*—was rightfully denied.. He said:

"In 343 Mich 506, where this case is reported, the Court held, in effect, in affirming the lower court's denial of defendant's motion to dismiss, that in principle, the action of defendant, secretary, in authorizing its branch manager Runquist, to conduct the business of issuing and selling automobile license plates, in the garage of defendant Hansen, was contrary to public policy and of a discriminatory nature upon the facts stated in the bill, whereby the cause should not be dismissed."

. We have neither made nor recorded any such holding. The motion to dismiss accepted as true all well-pleaded allegations of the bill. Tested on that basis, we found the bill immune from dismissal. What is before us now is the record of pleadings and testimony forming the basis for determination of the equity of the case. We proceed to determine, *de novo*, on the whole record, according to our practice, whether the plaintiff association is or is not entitled to the decree it seeks.

The record presents no question of credibility of witnesses. There is no dispute with respect to identity or appraisal of applicable facts. The plaintiff offered no proof in support of its allegation that the criticized arrangement between defendants Hansen and Runquist provided the former:

"preferred information derived from the applications for automobile licenses and the records pertaining to the sale, issue and distribution of license plates, together with such other data as to the price of cars, 'trade-in-value,' et cetera, which the secretary of State requires to be furnished his branch

managers in processing the sale and distribution of
license plates to car owners" (quotation from *Cadillac Auto Dealers* v. *DeClerk, supra,* pp 23, 24);

and confines itself to contention that the arrangement per se establishes right to relief. It says:

"The carrying on of the business of selling automobile license plates upon the premises of a licensed
dealer is an unlawful discrimination against other
automobile dealers; it gives the preferred dealer
access to valuable information derived from the applications and records of sales of automobiles, which
information is secret, and not public information,
and which constitutes a property right of the offended licensed dealer, and is contrary to public policy."

To borrow an expression from the law of wills,
the most that can be said for plaintiff's case is that
it has proved opportunity of defendant Hansen (the
auto dealer) to influence defendant Runquist (the
branch manager) into giving him—Hansen—desirable information to exclusion of competitors. So
long as the secretary of State is required by law to
set up throughout the State branch offices for handling of motor vehicle license plates without monetary provision for quartering of such offices, we see
no good reason for holding that the plan and arrangement plaintiff criticizes is subject to abatement by
injunction, absent proof of actual discrimination of
inequitable nature. For the same reasons as were
given in *In re Sanchick,* 347 Mich 620 at page 625, it
is ruled that plaintiff has failed to prove that the defendant branch manager did make available—or intends to make available—,to the defendant auto dealer, information due the secretary of State and denied
competitor dealers. We do not as yet recognize enjoinable guilt by the mere fact of close-quartered
business operations, and such is the extent of showing before us.

Being of view that plaintiff has failed to sustain the material allegations of its bill, and noting that it has abandoned, as far as brief and argument are concerned, its pleaded contention that the arrangement between Hansen and Runquist constitutes an illegal and, hence, enjoinable monopolistic practice (paragraph 6 of bill), we hold that the bill should have been dismissed at conclusion of the proofs.

Reversed and remanded for entry of decree dismissing bill. No costs.

SHARPE, SMITH, EDWARDS, VOELKER, and CARR, JJ., concurred with BLACK, J.

DETHMERS, C. J., concurred in the result.

KELLY, J., did not sit.