## SINAI HOSPITAL OF DETROIT v SIVAK

Docket No. 77-1119. Submitted November 7, 1978, at Detroit.—Decided January 16, 1979. Leave to appeal denied, 406 Mich 958.

Teola Richmond filed a civil action in Wayne Circuit Court against Sinai Hospital in July 1972 alleging that during the course of a routine hysterectomy the anesthetics were administered so negligently by Dr. Sivak, the anesthesiologist, that she suffered severe injuries. The liability insurance carrier for Sinai Hospital, Insurance Company of North America (INA), settled Miss Richmond's claim for $450,000 and Miss Richmond signed a release of her claim against Sinai Hospital. Sinai Hospital then demanded indemnity from Dr. Sivak for the sums paid on account of Dr. Sivak's alleged negligence. When the demand was denied, Sinai Hospital brought an action in April 1976. against Dr. Sivak in Wayne Circuit Court, praying for indemnification or, alternatively, contribution. Dr. Sivak moved for accelerated judgment alleging that the action was not brought in the name of the real party in interest, which the doctor alleged was INA rather than Sinai Hospital. Charles S. Farmer, J., granted the motion for accelerated judgment. Plaintiff, Sinai Hospital, appeals. The question presented is whether an action for contribution or indemnity should be brought in the name of Sinai Hospital or in the name of INA, the hospital's insurer who made the payment. *Held:*

A court rule mandates that all legal actions be brought in the name of the real party in interest unless otherwise pro-

REFERENCES FOR POINTS IN HEADNOTES

[1, 8] 59 Am Jur 2d, Parties § 24.
[2, 8] 44 Am Jur 2d, Insurance § 1851.
   59 Am Jur 2d, Parties §§ 41, 42.
   Proper party plaintiff, under real party in interest statute, to action against tortfeasor for damages to insured property when loss is entirely covered by insurance. 13 ALR3d 229.
[3] 18 Am Jur 2d, Contribution § 43.
[4] 18 Am Jur 2d, Contribution § 8.
[5] 18 Am Jur 2d, Contribution §§ 7, 9, 46, 50.
[6] 18 Am Jur 2d, Contribution § 103.
[7, 9] 18 Am Jur 2d, Contribution § 53.

vided by statute. The present appeal is governed by the former contribution between joint tortfeasors statute which was in effect prior to 1975 when the statute was amended. This former statute does not change the general rule that an action for contribution must be brought in the name of the real party in interest. INA, the insurance carrier which settled the claim of Teola Richmond on behalf of Sinai Hospital, as subrogee, is the real party in interest and should be the plaintiff in the action for contribution or indemnity from Dr. Sivak.

Affirmed.

J. E. TOWNSEND, J., concurs in the result reached by the majority. He would hold that the former contribution between joint tortfeasors statute required a joint or several judgment as a basis for suit in the name of the insured rather than the real party in interest, but, because Dr. Sivak was not joined in the 1972 action by Teola Richmond against Sinai Hospital there was no such judgment.

OPINION OF THE COURT

1. PARTIES — REAL PARTY IN INTEREST — LEGAL ACTIONS — COURT RULES.

A court rule mandates that all legal actions be brought in the name of the real party in interest unless otherwise provided by statute (GCR 1963, 201.2).

2. PARTIES — REAL PARTY IN INTEREST — SUBROGEES — INSUREDS — LEGAL ACTIONS.

Generally, a subrogee is recognized as the real party in interest and an insured who no longer has any interest in a recovery cannot sue as the subrogee.

3. TORTS — PARTIES — LEGAL ACTIONS — CONTRIBUTIONS BETWEEN TORTFEASORS — STATUTES.

The Revised Judicature Act governing suits for contribution between tortfeasors, as amended, applies only to torts committed on or after January 1, 1975 (MCL 600.2925[a][6]; MSA 27A.2925[1][6]).

4. ACTION — CONTRIBUTION — JOINT TORTFEASORS — SEVERALLY-LIABLE TORTFEASORS.

A finding of joint tortfeasors is not necessary in an action for contribution between tortfeasors because severally-liable tortfeasors are also entitled to contribution.

5. ACTION — CONTRIBUTION — TORTFEASORS — COMMON LIABILITY — LIMITATION OF ACTIONS.

The common liability which must be established to support a

cause of action for contribution between tortfeasors is determined as of the time the injured party's cause of action accrues and not as of the date when the right to recover contribution is asserted.

6. ACTION — CONTRIBUTION — TORTFEASORS — COMPLAINT — THEORIES OF RECOVERY — INDEMNITY.

A claim that the statute on contribution between tortfeasors only covers actions for contribution and not for indemnity need not be addressed where a complaint was clearly brought on theories of both contribution and indemnity.

7. CONTRIBUTION — JOINT TORTFEASORS — RIGHT TO RECOVER — JUDGMENTS — JOINT OR SEVERAL LIABILITY.

The former statute on contribution between joint tortfeasors required that the payment by a tortfeasor, in order to give rise to a right to recover contribution from a cotortfeasor, must be made by the tortfeasor upon a judgment in favor of the injured party against the tortfeasor and the cotortfeasor from whom contribution is sought; the tortfeasor and cotortfeasor had to be jointly or severally liable upon a judgment for the same wrong.

8. CONTRIBUTION — JOINT TORTFEASORS — LEGAL ACTIONS — SETTLEMENTS — JUDGMENTS — SUBROGATION AGREEMENTS — REAL PARTY IN INTEREST — STATUTES.

The former statute on contribution between joint tortfeasors did not change the rule that an action for contribution must be brought in the name of the real party in interest; where a claim was terminated by a settlement with a subrogation agreement rather than by a judgment the subrogee became the real party in interest and a proper plaintiff in an action for contribution (MCL 2925[3]; MSA 27A.2925[3]).

CONCURRENCE BY J. E. TOWNSEND, J.

9. CONTRIBUTION — JOINT TORTFEASORS — LEGAL ACTIONS — JOINT OR SEVERAL JUDGMENT — DISCHARGE OF LIABILITY — REAL PARTY IN INTEREST — STATUTES — COURT RULE.

The former statute on contribution between joint tortfeasors applied to actions to recover for payment of a joint or several judgment for some private wrong (MCL 600.2925[3]; MSA 27A.2925[3], GCR 1963, 201.2).

*Sommers, Schwartz, Silver, Schwartz & Tyler, P.C.,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen* (by *J. P. O'Leary* and *Christine D. Ol-
dani),* for defendant.

Before: ALLEN, P.J.; and J. H. GILLIS and J. E.
TOWNSEND,* JJ.

ALLEN, P.J. In this appeal we are asked to
determine whether an action for contribution or
indemnity should be brought in the name of Sinai
Hospital or in the name of Insurance Company of
North America (INA), the hospital's insurer who
paid the sums for which contribution or indemnity
is sought in the instant action. Obviously, the
defendant's opportunity for a successful defense is
greater if suit is required in the name of the
corporate insurer rather than in the name of a
charitable institution. In December, 1976, the trial
court granted defendant's motion for accelerated
judgment on grounds that suit should be brought
in the name of INA, the real party in interest.
Plaintiff appeals of right. We affirm.

In a civil action filed in July, 1972, in the
Wayne County Circuit Court entitled *Teola Rich-
mond v Sinai Hospital of Detroit,* Miss Richmond
claimed that during the course of a routine hyster-
ectomy the anesthetics were administered so negli-
gently that she suffered severe injuries. Dr. Sivak
was identified as the anesthesiologist in charge of
Miss Richmond's operation. In February, 1976,
settlement between the parties was reached for
$450,000, paid by the Insurance Company of North
America, the liability insurer of Sinai Hospital.
Miss Richmond signed a release of her claim
against Sinai Hospital.

In April, 1976, Sinai Hospital demanded indem-

* Circuit judge, sitting on the Court of Appeals by assignment.

nity from Dr. Sivak for the sums paid on account of Dr. Sivak's alleged negligence. When the demand was denied, Sinai Hospital filed the present complaint against Dr. Sivak alleging, *inter alia,* that the injuries suffered by Miss Richmond:

"were caused entirely by the acts or omissions of defendant herein or, alternatively to the above, said acts and omissions contributed to the ultimate injuries and sequelae."

Plaintiff prayed for indemnification or, alternatively, contribution. Dr. Sivak then filed a motion for accelerated judgment alleging that the action was not brought in the name of the real party in interest which the doctor alleged was INA rather than Sinai Hospital. On December 13, 1976, the trial court granted defendant's motion stating that the "amended" contribution statute, MCL 600.2925(3); MSA 27A.2925(3), did not apply since the amendatory statute provided that it "shall apply only to torts committed on or after January 1, 1975". Plaintiff's motion for rehearing was denied by order entered March 14, 1977.

GCR 1963, 201.2 mandates all legal actions be brought in the name of the real party in interest unless otherwise provided by statute. In the instant action the real party in interest is INA which paid Miss Richmond's claim and in return received a subrogation agreement. The subrogee is generally recognized as the real party in interest. Generally, an insured, who no longer has any interest in the recovery, cannot sue. See *Waters v Schultz,* 233 Mich 143; 206 NW 548 (1925). See also Anno: *Proper party plaintiff, under real party in interest statute, to action against tortfeasor for damage to insured property where loss is entirely*

*covered by insurance,* 13 ALR3d 229, 234 *et seq.,*
59 Am Jur 2d, Parties, § 41, p 400.

However, in the present case GCR 1963, 201.2
does not stand alone. It is modified by § 2925 of the
Revised Judicature Act governing suits for contri-
bution between joint tortfeasors. When the present
action was filed by Sinai Hospital against Dr.
Sivak in July, 1976, that statute read as it was
amended by 1974 PA 318 noted below.[1] That act
provided that it applied "only to torts committed
on or after January 1, 1975". Since the tort in the
case before us occurred prior to 1972, we look to
§ 2925 as it was worded prior to its amendment by
1974 PA 318. Between January 1, 1963, and its
amendment by 1974 PA 318, the statute read:

"An insurer of a person jointly or severally liable
with 1 or more other persons *upon a judgment* for the
same private wrong, which insurer has on behalf of its
insured, discharged the common liability by payment,
or has paid more than its insured's pro rata share
thereof, shall be entitled to assert either in its own
name or in the name of its insured any right to contri-
bution which such insured would have acquired by such
payment." (Emphasis supplied.)

Defendant argues that MCL 600.2925(3); MSA
27A.2925(3), is inapplicable to the instant case for
three reasons. *First,* the Richmond complaint
named only Sinai Hospital and claimed no joint
and/or several liability of DR. Sivak, and conse-
quently in that action there was no finding that

---

[1] "A liability insurer, who by payment has discharged in full or in
part the liability of a tort-feasor and has thereby discharged in full its
obligation as insurer, is subrogated to the tort-feasor's right of contri-
bution to the extent of the amount it has paid in excess of the tort-
feasor's pro rata share of the common liability. It may assert this
right either in its own name or in the name of its insured. This
provision does not limit or impair any right of subrogation arising
from any other relationship." MCL 600.2925a(6); MSA 27A.2925(1)(6).

the hospital and the doctor were joint tortfeasors. *Second,* the statute speaks only to actions for contribution and not for indemnity, and the present action is primarily for indemnity. *Third,* since there was a settlement there was no judgment and the statute requires a judgment. The first and second reasons, if valid, are applicable to both MCL 600.2925a(6); MSA 27A.2925(1)(6) and its predecessor, MCL 600.2925(3); MSA 27A.2925(3). The third reason, if valid, is applicable only to the predecessor statute.

We quickly reject reasons one and two. A finding of joint tortfeasors is not necessary. Severally-liable tortfeasors are also entitled to contribution. *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970). Furthermore, the common liability which must be established to support a cause of action for contribution is determined as of the time the injured party's cause of action accrues and not as of the date when the right to recover contribution is asserted. 18 Am Jur 2d, Contribution, § 52, p 76. The claim that the statute only covers actions for contribution and not for indemnity need not be addressed since the hospital's complaint was clearly brought on theories of both contribution and indemnity.[2] Thus, determination of whether Dr. Sivak was the sole cause or only the partial cause of Miss Richmond's injuries is for ultimate resolution by the trial court.

We find the third reason advanced for the inapplicability of § 2925(3) determinative. The most significant difference between MCL 600.2925(3);

[2] In a suit for indemnity, recovery is sought for the entire amount paid, while in contribution, recovery is sought for only a portion of the entire sum paid. It is sometimes said that from an equitable viewpoint "indemnity is only an enlargement of the remedy of contribution" and that the two differ not at all as to the liability but only to the measure of it. 18 Am Jur 2d, Contribution, § 2, pp 7-8.

MSA 27A.2925(3) and its successor MCL 600.2925a(6); MSA 27A.2925(1)(6) is the deletion of the words "upon a judgment" in the latter statute. Clearly, the statute in effect at the time the alleged tort was committed required that the insured be jointly or severally liable upon a judgment for the same wrong. We cannot ignore the explicit mandate of the statute.

"Of course, if a statute granting the right to recover contribution against a joint tortfeasor lays down certain conditions qualifying that right, such conditions must be met by the contribution claimant. Thus, under the statutes in some jurisdictions, the payment by a tortfeasor, in order to give rise to a right to recover contribution from a cotortfeasor, *must be made by the claimant upon a judgment, or in some jurisdictions, a joint judgment, in favor of the injured party against the claimant and the joint tortfeasor from whom contribution is sought."* (Footnotes omitted) (Emphasis supplied.) 18 Am Jur 2d, Contribution, § 53, pp 79-80.

Because payment in the instant case was not based upon a judgment, § 2925(3) does not constitute an exception to the rule that suit be brought in the name of the real party in interest. Since INA is the real party in interest, the trial court did not err when it granted defendant's motion for accelerated judgment. Our consideration in this matter makes it unnecessary to discuss defendant's request to dismiss the instant appeal as vexatious or moot.

Affirmed, costs to defendant.

J. H. GILLIS, J., concurred.

J. E. TOWNSEND, J. *(concurring in result).* I concur in the result reached by Judge ALLEN based upon the following reasoning:

Because 1974 PA 318 applies only to "torts committed on or after January 1, 1975", GCR 201.2 requires that suit be brought in the name of the real party in interest which, in this case, is Insurance Company of North America, unless plaintiff's action seeks to recover for payment of a joint or several judgment. Such exception is recognized by the language contained in MCL 600.2925(3); MSA 27A.2925(3), in effect prior to January 1, 1975.

Since Dr. Sivak was not a party joined in the prior action against Sinai Hospital, there could not have been and there was no joint or several judgment or order of dismissal with prejudice as to Dr. Sivak, and Insurance Company of North America's payment was not a "discharge of the common liability" under a joint or several judgment.

The facts do not meet the applicable statutory condition precedent to permit suit in the name of the insured. Therefore, Insurance Company of North America must sue in its own name in accordance with the provisions of GCR 1963, 201.2.