## Charles Draper v. George N. Fletcher.

*Declaration: Assignment: Non-negotiable note.* A declaration by an assignee, upon a conditional note not negotiable, need not aver any formal assignment, but is sufficient if it avers the plaintiff to be the owner and holder; as a parol assignment would be valid at law as it would be in equity.

*Conditional note: Election: Notice.* Where a person gave his note for a balance of the purchase money of a judgment against other parties, on condition that he might elect to lose what he had already paid in cash, and let the payee retain the judgment, in which case the note was to be null and void:—

*Held,* That in order to make such election he must give timely notice to the payee before maturity, and that a mere failure to pay the note would not amount to such an election, and therefore he would continue liable.

*Heard October 29. Decided November 7.*

Error to Wayne Circuit.

*W. N. Draper,* for plaintiff in error.

*D. C. Holbrook,* for defendant in error.

CAMPBELL, J.

Plaintiff sued defendant, to collect the amount of a conditional note, drawn payable to Ann Laing or bearer, and given on the compromise of a judgment. The declaration was special, and was demurred to, the grounds relied upon in this court being, *first,* a failure to properly show plaintiff's title as assignee to bring the action, and *second,* an election by non-payment, appearing in the declaration, which by the terms of the agreement was to operate to annul it.

The statute allowing actions by other than original parties to agreements declares that, "The assignee of any bond, note, or other chose in action, not negotiable under existing laws, which has been, or may hereafter be assigned, may sue and recover the same in his own name," etc. This statute does not require any particular method of

assignment, and was evidently intended to remove the old indirect method of suing in the name of the nominal, for the use of the real owner. To impose new technicalities in place of the old, would lead to no good result. Assignments of things in action, being originally creatures of equity, have never (except under the statute of frauds) been required to be in writing. Any purchaser became assignee by his purchase. A parol assignment, when good in equity, is under this statute made equally good at law.—*Hooker v. Eagle Bank, 30 N. Y., 83.* Had the statute required (as seems to have been done in some states) a formal assignment, no action could be brought without it. But we have no right to insert any such provision into a statute passed without it.

The declaration contains an express averment "that the plaintiff is now the owner and holder of said agreement." We think this should be held sufficient.

The contract provided that if the promissor should elect, he might lose what was paid on the sale and compromise of the judgment, in which case the judgment was to remain in force, and the note to become void. It is claimed by the defendant, that a simple non-payment of the note, without any further act or notice, would amount to such an election, and discharge the note.

There is nothing in this agreement which declares or implies that Mrs. Laing may retain the money paid, and yet disaffirm the compromise on non-payment of the note. Upon a partial failure, where a distinct portion of the consideration has been actually paid, the party disaffirming for non-performance of the rest, must usually restore what he has received. If it should turn out that the judgment was good and collectable, she might prefer it to the note; but if she declined to retain the note after its non-payment, and chose to enforce the judgment, she would be com-

pelled to refund the portion of consideration actually received. She could not retain both the debt and its price, or any portion of the price. She must rescind wholly or not at all.—*Franklin v. Miller, 4 Ad. & El., 599 ; Jewett v. Petit, 4 Mich. R., 508.*

It follows necessarily, that a mere failure by defendant to pay his note would not, of itself, put an end to the compromise. If so, it must also' follow, that if he would put an end. to it (as under· the agreement he had a right to do upon certain conditions), he must signify that intention by some direct action, and not .by 'mere inaction. There may be cases where such inaction amounts to an election, as where a person, having an option to retain premises for a longer or shorter period, outstays the shorter period; because his remaining in possession would otherwise be wrongful.—See *Delashman v. Berry, 20 Mich. R., 292.* But in this case, if defendant, after the note had become over due, had tendered payment, there can be no doubt that such tender would be valid. He could perform at any time before. rescission by the other party.

The right of election could only be exercised in such a way as to save the owner of the judgment from any risk of prejudice. The judgment creditor has a right to know whether he is to be compelled to fall back on the judgment. If non-payment of the note at the day, absolutely terminated the compromise, then no such prejudice would arise. But if he could not terminate it at that time without affirmative action, then he has a right to know at once what he is to expect from defendant. Where the termination of the contract is not an inevitable legal conclusion, it requires action from the party who seeks to end it.—See *Hale v. Holmes, 8 Mich. R., 37.* And such action must be before default.

No other points were urged on the argument. The

demurrer was improperly sustained. The judgment of the court below must be reversed, and the demurrer overruled, with costs of this court, and costs of the circuit for hearing on demurrer, and the record remanded to the court below for further proceedings.

GRAVES and COOLEY, JJ., concurred.

CHRISTIANCY, CH. J.

'I concur in the opinion of my brother Campbell, except upon the sufficiency of the allegation of an assignment of the contract to the plaintiff. To bring the case within the statute allowing the assignee to sue in his own name, there must have been, what in legal effect would constitute an assignment. The assignment was, therefore, an essential fact which should have been directly and positively alleged. The allegation of ownership, could, at most, be but an argumentative allegation of an assignment, and though good, unless specially demurred to, I think it is bad on special demurrer.