RENSE A. HYMA v. THE THREE RIVERS NATIONAL BANK.

*Chattel mortgages—Oral assignment—Foreclosure by assignee.*

An oral assignment of a chattel mortgage, and of the debt secured thereby, which is not otherwise evidenced, accompanied by a delivery of the mortgage, passes the mortgage to the assignee, who may enforce it in his own name under How. Stat. § 7344. *Draper v. Fletcher*, 26 Mich. 154.

Error to St. Joseph. (Loveridge, J.) Argued January 8, 1890. Decided January 17, 1890.

Trover. Defendant brings error. Reversed. The facts are stated in the opinion.

*Dallas Boudeman*, for appellant.

*S. M. Constantine* and *W. G. Howard*, for plaintiff.

MORSE, J. This case was tried in the circuit court for the county of St. Joseph before Judge Loveridge, without a jury, who, upon findings of fact and law, rendered judgment for the plaintiff in the sum of $272.50.

From the findings of fact, which are not challenged by the defendant, it appears that the plaintiff, on March 29, 1887, bought out one Carl Lauer in the bakery and grocery business at Three Rivers, executing to him, in part payment for said business, a mortgage upon the stock of goods so purchased for the sum of $550. Said mortgage was not filed in the office of the township clerk until December 17, 1887, because of the request of the plaintiff, Lauer consenting thereto, for the reason that the filing might affect the plaintiff's credit. Lauer deposited the mortgage at the defendant's bank for safe-keeping and collection prior to June 14, 1887.

"On said 14th day of June there remained due and unpaid on said mortgage the sum of $241.60, and on that day the plaintiff made his note for that sum to the defendant, which note said Lauer signed. It was then discounted by the defendant, and the proceeds paid to Lauer in full satisfaction as to him of his said mortgage. When this note became due, the plaintiff paid $1.60 thereon and the discount for sixty days, and thereupon gave his note to the defendant for $240, and the note which Lauer had signed was surrendered to the plaintiff. On the 13th day of December thereafter he renewed the note, the signature of Lauer not being asked by the defendant, except to the first note."

On December 17, 1887, an attachment against the plaintiff was issued out of a justice's court, by virtue of which the goods and chattels covered by this mortgage were seized and taken from the plaintiff, except his exemption therein of $250. Goods of this value were duly separated, appraised, and set apart to him. The defendant, on the last-named day, upon being informed of this seizure, filed the said mortgage in the town clerk's office, and delivered a copy thereof to a constable, and directed him to take, by virtue of the same, that part of the goods which had been set apart to plaintiff as exempt property. This officer, without the consent of plaintiff,

and against his protest, took away from him the possession of these goods, and thereafter duly advertised and sold them at public sale under the provisions of said mortgage.   The goods at such sale brought $249.78, realizing $208.12 above all costs and expenses of sale.   The defendant, in the foreclosure proceedings, claimed to be and acted as the owner of the mortgage.   The court further found that the said mortgage had never been assigned or transferred to defendant; that the defendant, at the time of said foreclosure, was not the owner thereof; and that it had been paid to Lauer, and satisfied by the proceeds of the first-mentioned note signed by Lauer and plaintiff, and given to the defendant; that the value of the property taken was $250

The court concluded, as a matter of law, that the goods were wrongfully seized and converted by the direction of the defendant, and entered judgment, as above stated, for the plaintiff, who sued in trover to recover their value.

It is contended by the defendant, who brings error, that there was no evidence to support the finding that the defendant was not the owner of the mortgage at the time of the foreclosure, and that it had been paid by the giving of the note, as aforesaid.   We think this contention is correct.   The evidence seems to be practically undisputed that on June 14, 1887, Lauer made an arrangement with Wilcox, the cashier of the defendant, that the mortgage should be transferred to the defendant, and held as collateral security to the note signed by Lauer and plaintiff; in other words, the debt from Hyma to Lauer, secured by this mortgage, was transferred by Lauer to defendant in consideration of the money paid by defendant to Lauer, which was further evidenced by the note of Lauer and plaintiff, and the mortgage security for the debt was also transferred, and this transfer was understood and consented to by Hyma.   No written

assignment of the mortgage was executed, but the transfer was made orally and by delivery of the mortgage. This should have been the finding of the court from the evidence before him, and judgment for the defendant would necessarily have followed such finding of fact as a conclusion of law.

It is urged by plaintiff's counsel that this mortgage, executed without a note or other evidence of indebtedness, and assigned to defendant by parol, could not be foreclosed by the defendant corporation in its own name at law. But our statute provides that—

"The assignee of any bond, note, or other chose in action, not negotiable under existing laws, which has been or may be hereafter assigned, may sue and recover the same in his own name," etc. How. Stat. § 7344.

And we have held under this statute that a parol assignment, if good in equity, is equally good at law under this statute. *Draper v. Fletcher*, 26 Mich. 154.

It follows that the judgment must be reversed, and a new trial granted, with costs to defendant.

The other Justices concurred.