Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JAMES W. GILBERT, Respondent, for Compensation under the Workmen's Compensation Law, *v.* DES LAURIERS COLUMN MOULD COMPANY, INC., Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

**Workmen's Compensation Law — application under New Jersey statute does not deprive claimant of rights under New York statute.**

The fact that a claimant, employed under a New York contract, was at the time of his injuries performing services for his employer in the State of New Jersey, and was induced to invoke the New Jersey statute in the first instance, does not deprive him of his rights under the Workmen's Compensation Law of this State, and the insurance carrier being credited with the amount paid under the provisions of the New Jersey statute is not in law aggrieved.

APPEAL by the defendants, Des Lauriers Column Mould Company, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 6th day of April, 1917.

*James B. Henney* [*William H. Foster* of counsel; *T. Carlyle Jones* with him on the brief], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* counsel to the Commission, for the respondents.

WOODWARD, J.:

We see no merits in this appeal. The claimant was employed under a New York contract. At the time of his injuries he was performing services for his employer away from the plant of such employer in the State of New Jersey. The claimant originally made application for compensation under the New Jersey statute (N. J. Laws of 1911, chap. 95, as amd.), and the insurance carrier made some payments under the act. Subsequently, the claim was made in this State and an award has been made, crediting the insurance carrier

with the amount paid under the New Jersey proceeding. The claim that the New Jersey Commission, having accepted jurisdiction and administered upon this claim, deprived the Commission of the State of New York of jurisdiction is, we believe, without force.    It is doubtful if the New Jersey Commission ever had any jurisdiction of the case; it was one arising under the statute of this State and the contract growing out of such statute (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544, 554), and it was clearly a matter to be handled under the provisions of our statute (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd.), rather than under the statute law of New Jersey.    The fact that the claimant was induced to invoke the New Jersey statute in the first instance did not deprive him of the right to have the law of his contract of employment enforced in the manner provided by law, and the insurance carrier, being credited with the amount it has paid under the provisions of the New Jersey statute, is not in law aggrieved.

The award should be affirmed.

Award unanimously affirmed.