PEOPLE, *for use of* HERBERT, *v.* McKINLEY.

REPLEVIN—PARTIES—ACTION MAY NOT BE MAINTAINED IN NAME OF PEOPLE.

In view of 3 Comp. Laws 1915, § 12353, requiring every action to be prosecuted in the name of the real party in interest, an action in replevin against a sheriff may not be maintained in the name of the people for the use and benefit of the real plaintiff.

Error to Newaygo; Barton (Joseph), J. Submitted June 20, 1922. (Docket No. 108.) Decided October 2, 1922.

Replevin by the people of the State of Michigan, for the use and benefit of William A. Herbert, doing business as W. A. Herbert & Company, against Noble A. McKinley, sheriff of Newaygo county, and others, for the possession of certain lumber. Judgment for defendants. Plaintiff brings error. Affirmed.

*White & Reber,* for appellant.

*Harold J. Cogger, Robert J. Quail,* and *William J. Branstrom,* for appellees.

On April 20, 1920, Frank I. Abbott, a Chicago lumber dealer, entered into a contract with James P. Darling, of Troy township, Newaygo county, for the purchase of logs and standing timber on the Darling farm. The purchase price was $15,000 with a down payment of $7,500, $2,500 payable when the lumber was sawed and stacked on the premises and $5,000 when the lumber was removed to the railroad depot for shipment. Notes were given for the $2,500 and $5,000. Abbott did not pay Darling the $2,500 when

the lumber was stacked and Darling filed a bill and obtained an injunction. The files in that case are not printed in the record but we infer that the injunction restrained the removal of the lumber. Abbott then made a purported sale of the lumber to William A. Herbert, another lumber dealer of Chicago; he informed him of the injunction and agreed to indemnify him. The chancery suit was dismissed, an attachment suit instituted and a levy made on the lumber by a deputy sheriff of Newago county. This action of replevin was then instituted in the circuit court for the county of Newaygo. It will be noted that the plaintiff is named as "The people of the State of Michigan, for the use and benefit of William A. Herbert, doing business as W. A. Herbert & Company." The defendants named in the writ were the sheriff, his bondsmen and Mr. Darling, plaintiff in the attachment suit. Plaintiff's declaration contained two counts, the first in replevin, and the second on the sheriff's official bond. On the trial the second count was abandoned, the case dismissed as to all defendants except the sheriff and only the count in replevin was relied upon. At the close of the case defendants' counsel asked for a directed verdict upon the ground, among others, that the action of replevin could not be maintained except in the name of the real party in interest. No request for leave to amend was made. The motion was denied and the case was submitted to the jury upon the question of whether sale from Abbott to Herbert was a fraudulent one. The jury found that it was and rendered a verdict for defendant. Plaintiff reviews the case here upon several assignments of error.

FELLOWS, C. J. (*after stating the facts*). We have examined this record and find no reversible error. We shall not, however, take up and discuss each of

the assignments of error as we are clearly of the opinion that an action of replevin can not be maintained in the name of the people of the State of Michigan for the use of the party bringing the action, and that the trial judge should have directed a verdict for the defendant at the close of the case. The mandate of the legislature is (3 Comp. Laws 1915, § 12353):

"Every action shall be prosecuted in the name of the real party in interest." * * *

Plaintiff absolutely abandoned his action on the official bond of the sheriff, discontinued the suit as to all the defendants except the sheriff, and relied solely on his right to recover in an action of replevin. When he did so, the trial judge would doubtless have permitted him to amend the proceedings by substituting the proper plaintiff had he so requested. This he did not do, but in face of defendants' motion proceeded with his case and took his chances. If plaintiff had prevailed in the court below it is quite probable that this court under the broad power given it to grant amendments would have permitted an amendment here to save the judgment. *Peacock* v. *Railway Co.*, 208 Mich. 403 (8 A. L. R. 964); *People* v. *O'Connell*, 214 Mich. 410. This would be done to save a mistrial and in the furtherance of justice. But this we should not do at the request of the appealing party. *Johnson* v. *County of Muskegon*, 195 Mich. 722. The legislature in its attempt to simplify the practice has enacted the provision above quoted. We are not inclined to disregard it.

The judgment will be affirmed.

WIEST, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.