## COX *v.* DETROIT UNITED RAILWAY.

Parties — Pleading — Statutes—Real Party in Interest—Defense Need Not be Specially Pleaded.

In an action by a soldier in the United States army for personal injuries caused by a collision of an automobile in which he was riding with defendant's street car, testimony that, by the war risk insurance act (40 U. S. Stat. pp. 408, 613), plaintiff had been required to assign his right of action to the United States, and that he was therefore not the real party in interest, was erroneously excluded, although such defense had not been specially pleaded; section 12353, 3 Comp. Laws 1915, providing that every action shall be prosecuted in the name of the real party in interest being mandatory, such defense was available under the plea of the general issue.[1]

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted January 12, 1926. (Docket No. 86.) Decided April 30, 1926. Rehearing granted July 21, 1926.

Case by Benjamin F. Cox against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*William G. Fitzpatrick* (*William E. Tarsney,* of counsel), for appellant.

*William N. Warren* (*Murat Boyle,* of counsel), for appellee.

CLARK, J.   Plaintiff, while a passenger in a motor vehicle, was injured in a collision between the vehicle and one of defendant's street cars at the intersection of National avenue and Myrtle street in Detroit. He sued defendant.   We quote from the declaration:

---

[1] Pleading, 31 Cyc. p. 219.

"Plaintiff further states that on the 14th day of July, 1919, he was a soldier in the army of the United States and as such was an inmate and patient at United States Army Base Hospital No. 36, in the city of Detroit, where he and numerous other soldiers were being treated for injuries and ailments consequent upon their service in the military forces of the United States. That on the date aforesaid plaintiff and a large number of other patients of said base hospital had been guests at the ball park of the Detroit Base Ball Club where they had been required to attend a ball game in accordance with the policy of treatment of said base hospital which provided for the amusement and entertainment of such of the patients as were able to be up and about; and that said base hospital had made an arrangement with the National League for Women's Service for furnishing the motor vehicle or truck in question for the purpose of transporting the plaintiff and other patients of said hospital to and from said ball park. That at about the hour of 4:35 p. m. on said date plaintiff, in company with 12 or 14 other patients of said hospital, was a passenger in said motor vehicle or truck so furnished by said National League for Women's Service," etc.

Defendant pleaded the general issue. Plaintiff had judgment. Defendant brings error.

Late in the trial, and after defendant had called six of its eight witnesses, John P. Brambell, of Washington, D. C., of the department of justice and the veteran's bureau, was sworn for defendant, and by him defendant sought to show that by reason of section 313 of the war risk insurance act (1 U. S. Comp. Stat. 1919 Supp., chap. 11B, § 514 [40 U. S. Stat. pp. 408, 613]), plaintiff was not the real party in interest. Objection being made, the matter was excluded, the court holding that it was a special defense which had not been pleaded. Defendant then offered to show by examination of Brambell as a witness and by cross-examination of plaintiff that plaintiff in fact was not the real party in interest, but the court adhered to his ruling.

Under the war risk insurance act plaintiff might bring his own suit, unless an assignment to the United States of his right of action had been required of him. There is some evidence that this was his own suit, but what the proposed inquiry would have developed we do not know.

The question is, Was the court right in excluding the evidence for the reason stated? There are authorities to sustain the ruling of the trial judge, of which we cite but two: 31 Cyc. p. 219, and 21 R. C. L. p. 568.

But the language of section 12353, 3 Comp. Laws 1915, "Every action shall be prosecuted in the name of the real party in interest" has been held to be mandatory. *Michigan Employers Casualty Co.* v. *Doucette,* 218 Mich. 363; *People, for use of Herbert,* v. *McKinley,* 220 Mich. 112; *Marshall & Ilsley Bank* v. *Mooney,* 205 Mich. 513; *Waters, for use of Insurance Co.,* v. *Schultz,* 233 Mich. 143.

In the *Doucette Case* and in *Mueller* v. *Telephone Co.,* 230 Mich. 173, the plea was the general issue. But the said defense was made. And under the rule of those cases, the court in the case at bar was in error in excluding the evidence offered. It seems that the rule should have been followed and defendant permitted, without notice under its plea, to show, if it could, that plaintiff was not the real party in interest.

Judgment reversed. New trial granted. Costs to abide the result.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.