### COX *v.* DETROIT UNITED RAILWAY.

APPEAL AND ERROR—ERROR IN EXCLUDING EVIDENCE NOT REVERS-IBLE WHERE NOT PREJUDICIAL.

> The former opinion (234 Mich. 597) reversing the case because of error in excluding testimony offered by defendant tending to show that plaintiff, who was a soldier in the United States army, was not the real party in interest because he might be required, under the war risk insurance act (40 U. S. Stat. pp. 408, 613), to assign his right of action to the United States, is reversed, and the judgment of the court below affirmed, where, on the rehearing, the evidence taken in the Supreme Court under

Appeal and Error, 4 C. J. §§ 2986, 2987.

3 Comp. Laws 1915, § 12034, shows that no assignment of said right of action has ever been sought or made, that plaintiff is the real party in interest, as required by 3 Comp. Laws 1915, § 12353, and that the error in excluding said testimony was therefore without prejudice.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted January 12, 1926.     (Docket No. 86.)     Decided April 30, 1926.     Submitted on rehearing February 4, 1927.     Former opinion reversed May 3, 1927.

Case by Benjamin F. Cox against the Detroit United Railway for personal injuries.     Judgment for plaintiff.     Defendant brings error.     Affirmed.

*William G. Fitzpatrick* (*William E. Tarsney,* of counsel), for appellant.

*William N. Warren* (*Murat Boyle,* of counsel), for appellee.

## ON REHEARING.

CLARK, J.     This case is reported in 234 Mich. 597. There was reversal because of the exclusion of evidence offered to show that plaintiff was not the real party in interest, it being held here that such evidence was admissible without notice under the plea of the general issue.     Plaintiff sought rehearing, contending that he was the real party in interest, and that there had been in fact no assignment of his right of action, and he prayed that this court order the evidence relative to the claimed assignment to be taken in this court agreeable to section 12034, 3 Comp. Laws 1915.     Rehearing was granted.     The order also was made because it appeared that the exigencies of the case required it and that the evidence to be taken was wholly documentary and of record in a department of the Federal government.

The evidence is here.    It now appears that plaintiff signed an agreement to assign at any time the bureau of war risk insurance may require.    This but follows the statute relative thereto (1 U. S. Comp. Stat. 1919, Supp., chap. 11B, § 514 [40 U. S. Stat. pp. 408, 613]).    But plaintiff has not assigned, nor has the bureau required or sought assignment of him. He was the real party in interest.    The error therefore was without prejudice.

Judgment affirmed, to be entered here against defendant and the surety on its bond.    3 Comp. Laws 1915, § 12795.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.