KOLAR *v.* SOSENSKY.

1. PARTIES—AUTHORITY TO MAINTAIN ACTION.

Where two parties were entitled to commission for sale of real estate, one who was authorized by other to collect could maintain action therefor in both of their names.

2. ACCORD AND SATISFACTION.

Finding of court below that defendant had not satisfied claim for commission in sale of real estate by assignment of land contract, *held,* sustained by evidence.

3. LICENSES—BROKERS—STATUTES.

Finding of court below that vocation of plaintiffs suing for commission on sale of real estate was not such as to bring them within purview of 2 Comp. Laws 1929, § 9086, requiring them to obtain license from securities commission, *held,* supported by record.

Case-made from Wayne; Searl (Kelly S.), J., presiding. Submitted June 3, 1931. (Docket No. 60, Calendar No. 35,485.) Decided June 25, 1931.

Assumpsit in the common pleas court of Detroit by John F. Kolar and another against Harry Sosensky for commission in the sale of defendant's real estate. Judgment for plaintiffs. Defendant appealed to the circuit court. Judgment for plaintiffs. Defendant reviews by case-made. Affirmed.

*Bertran J. Couture,* for plaintiffs.

*Morris Garvett,* for defendant.

SHARPE, J. On May 12, 1926, the defendant signed a written memorandum in which he agreed to pay

to the plaintiffs $600 for services rendered by them in procuring the sale of certain real estate. The case on appeal from the court of common pleas was tried by the court without a jury. Plaintiffs had judgment. Defendant reviews by case-made.

The "Statement of Questions Involved" presents three matters for consideration:

1. It appears that Kolar brought this action without the knowledge of Sanders, whose present whereabouts were unknown to him. He testified, however, that Sanders told him "to go ahead and collect" the amount and apply it on a bill Sanders owed him. The consent of Sanders, thus expressed, entitled Kolar to maintain the action in both of their names.

2. The defendant claims that he satisfied his obligation by assigning and delivering a land contract to the plaintiffs. The trial court found otherwise, and the evidence sustains his finding.

3. It is urged that the plaintiffs at the time the memorandum was signed were acting as real estate brokers, and had not obtained a license to so act from the Michigan securities commission, as required by 2 Comp. Laws 1929, § 9806. The trial court found, and the record supports his finding, that "the plaintiffs' vocation and activities were not such as to bring them within the purview and comprehension" of this law. *Miller* v. *Stevens*, 224 Mich. 626; *Morris* v. *O'Neill*, 239 Mich. 663.

The judgment is affirmed.

BUTZEL, C. J., and CLARK, McDONALD, NORTH, and FEAD, JJ., concurred with SHARPE, J. WIEST and POTTER, JJ., concurred in the result.