In the Matter of the Claim of BLANCHE FLINN, Respondent, against REMINGTON RAND, INC., Employer and Self-Insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1937.

*Coleman, Clarke & Reilly [Thomas A. Clarke* of counsel; *C. P. Franchot* and *J. A. W. Simson* with him on the brief], for the appellants.

*John J. Bennett, Jr., Attorney-General [Leon Freedman, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

RHODES, J. The work of the deceased employee was extra-territorial, and the appeal raises the question of jurisdiction.

Deceased was a traveling salesman selling accounting machines, being district sales manager for the employer at Atlanta, Ga., his territory covering Georgia, part of Tennessee, part of Florida and South Carolina. He was hired by contract made at the office of the employer at Buffalo, N. Y.; his office was at Atlanta, Ga., and he resided near that city. He was paid by checks from the Buffalo office and was under the supervision and control of the sales manager at Buffalo, to which office all of his reports were sent.

The employer is a Delaware corporation and its corporate office in Delaware is at Wilmington. It had a manufacturing plant in this State, but the factories which supplied the Atlanta territory were located outside of this State.

While making a business trip from Atlanta to Jacksonville, Fla., the deceased was killed in an automobile accident near Waycross, Ga., on January 8, 1936.

The Board had jurisdiction under the authority of *Hospers* v. *Smith Co.* (230 N. Y. 616) and *Ayers* v. *Dunn Pen & Pencil Co.* (244 id. 557).

The appellant claims that the employment was at a fixed location without the State, such fixed location being the territory assigned to deceased. Even where the out of State employment was at a fixed location, compensation has been awarded where the employee's work was " under the employer's express direction," from its place of business within this State. (*Matter of Smith* v. *Aerovane Utilities Corp.*, 259 N. Y. 126; *Post* v. *Burger & Gohlke*, 216 id. 544.) The employee in the present case was thus directed.

Claims for compensation were disallowed in *Amaxis* v. *Vassilaros, Inc.* (258 N. Y. 544) and *Copeland* v. *Foundation Company* (256 id. 568), apparently because in those cases the work of the employee not only was at a fixed location outside this State, but was not controlled and directed from the employer's place of business in this State. (See, also, *Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394.)

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Award affirmed, with costs to the State Industrial Board.