**ALEXANDER v. CREEL.**

No. 3097.

District Court, E. D. Michigan, S. D.

Feb. 16, 1944.

Yerkes, Goddard & McClintock, of Detroit, Mich., for plaintiff.

Ernest P. LaJoie, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

This is a common law action for damages for personal injuries received by plaintiff, Dale Alexander, in a fall on the steps of a hotel operated by defendant, Lyle Creel, at Coldwater, Michigan, while plaintiff was a guest there. Plaintiff is a citizen of Indiana, where he now resides and is employed. Defendant is a citizen of Michigan. The matter in controversy exceeds $3,000, the jury having returned a verdict for plaintiff in the amount of $6,500. Consequently, this court has jurisdiction by virtue of diverse citizenship and amount involved, under 28 U.S.C.A. § 41(1).

At the close of the proofs, defendant moved for a directed verdict, which was overruled. Within ten days after reception of the verdict, in accordance with Rule 50 (b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, defendant moved to have the verdict and judgment thereon set aside and to have judgment of no cause of action entered in accordance with his motion for directed verdict, coupled with an alternative motion for new trial. All of the reasons assigned in these motions have been fully considered. They are all *without merit,* except that the verdict and judgment are *contrary to the law of the case.*

One of defendant's affirmative defenses is that plaintiff is not the real party in interest for the reason that prior to institution of this suit this cause of action was assigned to plaintiff's former employer, Cream Top Bottle Corporation, of Albany, New York, or its insurer, Hartford Accident Indemnity Insurance Company, of New York City by virtue of plaintiff's acceptance of compensation under a New York award entered more than six months before institution of this suit and more than one year after the cause of action arose, in accordance with Section 29 of the New York Workmen's Compensation Act, Consol. Laws N.Y. c. 67, which provides:

"1. If an employee entitled to compensation under this chapter be injured * * * by the negligence or wrong of another not in the same employ, such injured employee * * * need not elect whether to take compensation under this chapter or to pursue his remedy against such other but may take such compensation and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other subject to the provisions of this section. If such injured employee * * * take or intend to take compensation under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In such case * * * the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under * * * this chapter for such case and the expenses

for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such \* \* \* person, association, corporation or carrier. Notice of the commencement of such action shall be given within thirty days thereafter to the Commissioner, the employer and the insurance carrier upon a form prescribed by the commissioner."

"2. If such injured employee . \* \* \* has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other \* \* \* to the person, association, corporation, or insurance carrier liable for the payment of such compensation. If such \* \* \* person, association, corporation or carrier, as such an assignee, recover from [the] other, either by judgment, settlement or otherwise, a sum in excess of the total amount of compensation awarded to such injured employee \* \* \* and [the] expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee \* \* \* two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee \* \* \*."

Plaintiff's injury occurred on July 14, 1939. This suit was instituted on December 12, 1941. Defendant offered in evidence the deposition of the Clerk of the New York Department of Labor, Division of Workmen's Compensation, showing that on June 28, 1940, plaintiff filed a claim for compensation for these injuries from his then-employer, Cream Top Bottle Corporation, of Albany, New York, for whom he was employed as a travelling salesman at the time of his injury; that the claim was contested by the employer and its compensation insurer, Hartford Accident Indemnity Insurance Company, of New York City; that on April 11, 1941; an award was made, awarding plaintiff approximately $3,-000 for compensation, attorney fees and medical expenses; that an appeal was taken, but abandoned, and on October 7, 1941, this award was paid in full by the insurance carrier; that plaintiff never filed the statutory notice showing that he had notified the Commissioner, his employer or its insurance carrier of the institution of suit against this defendant.

Plaintiff conceded that this deposition disclosed the true situation, but objected to the proffer, and the testimony was not presented to the jury for the reason that it raised a pure question of law under defendant's special plea.

Defendant's various contentions can be analyzed as follows:

(I) That the maintenance of a common law action by an injured employee after acceptance of compensation is contrary to the public policy of Michigan as expressed in its Compensation Act, Comp.Laws Mich. 1929, § 8407 et seq., which requires an injured employee to elect whether he will accept compensation under the Act or sue the third person responsible for his injuries, his election to accept compensation operating to vest in his employer title to the cause of action against the third person, in which event recovery by the employer is limited to the amount of compensation paid;

(II) That plaintiff is not the real party in interest for the reason that his acceptance of compensation under the New York Act, combined with his failure to institute this suit within one year after this cause of action arose or within six months after the compensation award, operated to assign this cause of action to the compensation insurer by virtue of Section 29 of the New York Act, quoted above; and

(III) That said Section 29 of the New York Act is a statute of limitations, which limits the time for instituting suit on this cause of action to six months after the compensation award.

■ Plaintiff correctly contends that the Michigan Compensation Act is optional and applies only where both the employer and employee have accepted such act, and, as neither plaintiff nor his employer accepted it, its provisions are not controlling, and would not, of themselves, bar recovery where the employee had accepted compensation under some other act. Ford v. Kuehne, 1928, 242 Mich. 428, 219 N.W. 680; Quick v. Western Michigan Transp. Co., 1940, 294 Mich. 402, 293 N.W. 696.

This leaves only the determination of the legal effect to be given the New York Compensation Act by this federal court sitting in Michigan, trying a Michigan common law action for damages for injuries received by plaintiff in this state as a result of defendant's negligence, which action was instituted after plaintiff had accepted compensation under the New York Act.

Because the case relied on by defendant, Moore v. Hechinger, 1942, 75 U.S.App.D.C. 391, 127 F.2d 746, involving compensation and third-party suit within the District of Columbia, is not the complete answer to this phase of our problem, it appears appropriate that an explanation be made of the reasoning by which a decision for defendant has been reached.

Plaintiff has contended flatly throughout this proceeding that the New York statute has no force or effect on this cause of action, and should be disregarded, citing excerpts from the following cases as supporting his position: Solomon v. Call, 1932, 159 Va. 625, 166 S.E. 467; Reutenik v. Gibson Packing Co., 1924, 132 Wash. 108, 231 P. 773, 37 A.L.R. 830; Personius v. Asbury Transp. Co., 1936, 152 Or. 286, 53 P.2d 1065; Betts v. Southern R. Co., 4 Cir., 1934, 71 F.2d 787; Saloshin v. Houle, 1941, 85 N.H. 126, 155 A. 47; Scott v. Missouri Pac. R. Co., 1933, 333 Mo. 374, 62 S.W.2d 834; Rorvik v. North Pac. Lbr. Co., 1921, 99 Or. 58, 190 P. 331, 195 P. 163; Gilbert v. Des Lauriers Column Mould Co., 180 App.Div. 59, 167 N.Y.S. 274; Bernard v. Jennings, 1932, 209 Wis. 116, 244 N.W. 589.

As was stated in Maki v. George R. Cooke, 6 Cir., 1942, 124 F.2d 663, 664, 146 A.L.R. 1352, certiorari denied 316 U.S. 686, 62 S.Ct. 1274, 86 L.Ed. 1758:

"We are cognizant of the doctrine that in diversity of citizenship cases, the rules of conflict of laws which govern are the rules of the state in which the Federal Court sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462. But we have been pointed to no opinions of Michigan courts which erect signposts to appropriate decision of the instant case."

However, an independent search of the authorities has revealed signposts in Michigan and other opinions, hereinafter referred to, which are applicable, and has also revealed that many of the cases relied upon by plaintiff do not support his position.

There appears no question but that if we apply New York law, the compensation insurer is the legal owner of this cause of action.

Nelson v. Buffalo Niagara Elec. Corp., 1942, 264 App.Div. 941, 36 N.Y.S.2d 205, in dismissing an employee's action against a third person, commenced more than six months after an award, said:

"In as much as the plaintiff's action was not commenced within six months from that date (first award of compensation), *such cause of action became the property of the person, corporation or fund which paid the compensation.* Workmen's Compensation Law, Sec. 29, Sub. 2. Plaintiff, therefore, lacks capacity to sue (Civil Practice Act, Sec. 210, see also, Waite Nursery & Development Co. v. Just, 266 N.Y. 496, 195 N.E. 169) and the motion to dismiss the complaint should have been granted."

Dismissing a like action commenced by the employee more than one year after the injury occurred, the court in Calagna v. Sheppard-Pollak, Inc., 1942, 264 App.Div. 589, 35 N.Y.S.2d 934, 937, (appeal dismissed 289 N.Y. 753, 46 N.E.2d 355), disregarding a dispute as to date of compensation award, stated:

"The amendments to § 29 adopted in 1937 altered to some extent the provisions for the assignment of claims against third parties. Since those amendments, compensation may be accepted by the injured person and an action brought against third parties as well, provided the injured workman commences the third party action within the times specified in the amended section. In case such an action is brought, the carrier is granted a lien on the proceeds of any recovery by the injured employee from third parties, to the extent of any compensation which may have been awarded. But the amended section provides that if the injured employee has taken compensation and failed to commence his action against the third party within the times specified therein, such failure operates as an assignment of the said cause of action to the employer, or the insurance carrier, or other persons liable for the payment of compensation.

"Although the Workmen's Compensation Law is not ordinarily construed as affording rights to negligent third parties, it is clear that it was not intended that it should create double liability on the part of such third parties. If an injured workman who has accepted compensation may sue a third party after the expiration of one year from the date of the injury, at which time, by force of the provisions of the statute, his cause of action has been assigned to the employer or insurance carrier, risk of double liability would exist. The amount which the employer or insurance carrier may recover from a negligent third person

is not limited to the amount of compensation he has paid, but he may proceed on the theory of subrogation to recover the damages sustained by the workman. Travelers' Ins. Co. v. Brass Goods Mfg. Co., supra [239 N.Y. 273, 146 N.E. 377, 37 A.L.R. 826]. No such right could exist if the workman himself owned the claim, and had the right to prosecute it. The lien now awarded to the carrier by § 29 on the proceeds of any recovery in an action brought by an injured workman would seem to exist only when the workman sues within the periods specified in the section. This would be so, because after those periods the carrier or other person paying compensation is made the owner of the claim, and not merely a lienor. When the action is brought by the insurance carrier, the rights of the injured person to share in any surplus above the amount of compensation awarded is limited by § 29 to two thirds of such excess. This right is materially different from that which could exist if the injured person were the owner of the claim and might enforce it against third parties subject only to the lien of the employer or insurance carrier for compensation awarded."

■ Plaintiff was injured July 14, 1939. Compensation was paid in full October 7, 1941, more than a year later. Following the law of New York, full title to the cause of action (upon which no third party suit had been started) vested in the employer's insurer coincident with its payment of compensation more than a year after injury, and plaintiff thereafter had no further title thereto.

■■ Plaintiff has argued that by applying the New York statute, we would accord New York extraterritorial legislating jurisdiction. However, this is not true. This chose in action against defendant was a personal property right, and plaintiff, as original owner thereof, had the right to assign it. Grand Rapids & I. R. Co. v. Cheboygan Circuit Judge, 1910, 161 Mich. 181, 126 N.W. 56, 137 Am.St.Rep. 495; Waters, etc., v. Schultz, 1925, 233 Mich. 143, 206 N.W. 548. Plaintiff could enter into a valid assignment thereof at any place he desired. Plaintiff chose to, and did, submit his interest as owner of this cause of action to the legislating jurisdiction of New York by his own acts in New York, namely, his employment contract with his New York employer and his ap-

plication for and acceptance of compensation in New York.

In sustaining the right of Ohio to legislate regarding automobile insurance contracted for in Michigan, which attached to automobiles from the time they left the Michigan factory to and through transfers to ultimate purchasers, as it related to Ohio purchases, the court said in Palmetto Fire Ins. Co. v. Conn, 1926, 272 U.S. 295, 305, 47 S.Ct. 88, 89, 71 L.Ed. 243:

"Whatever technical form may be given to the reasoning, the substance is that by acts done in Ohio (New York) the purchaser (employee) obtains for himself the advantage of insurance (compensation) that before that moment did not exist. It does not matter whether his getting it was a large or inconspicuous feature of his bargain. It was part of it in any event."

Plaintiff, by acts in New York, created the nexus for application of New York law to this personal property right of his, and cannot now contend that there is no jurisdictional basis for such statutory assignment.

The following language from Bradford Electric Light Co. v. Clapper, 1931, 2⁰⁵ U.S. 145, 154, 52 S.Ct. 571, 573, 76 L.E.. 1026, 82 A.L.R. 696, is particularly appropriate:

"The conflict here is between the laws of two states; and the company, in setting up as a defense a right arising under the Vermont statute, invokes article 4, § 1, of the Federal Constitution, which declares that 'full faith and credit shall be given in each State to the public acts * * * of every other State.' That a statute is a 'public act' within the meaning of that clause is settled. * * * A federal court sitting in New Hampshire is bound equally with courts of the state to observe the command of the full faith and credit clause, where applicable. The precise question for decision is whether that clause is applicable to the situation here presented.

"The administratrix (plaintiff) contends that the full faith and credit clause is not applicable. The argument is that to recognize the Vermont act as a defense to this New Hampshire action would be to give to that statute an extraterritorial effect, whereas a state's power to legislate is limited to its own territory. It is true that full faith and credit is enjoined by the Constitution only in respect to those public acts which are within the legislative juris-

diction of the enacting state. * * * But, obviously, the power of Vermont to effect legal consequences by legislation is not limited strictly to occurrences within its boundaries. It has power through its own tribunals to grant compensation to local employees, locally employed, for injuries received outside its borders * * *. The existence of this power is not denied. It is contended only that the rights thus created need not be recognized in an action brought in another state; that a provision which Vermont may validly enforce in its own courts need not be given effect when the same facts are presented for adjudication in New Hampshire.

"The answer is that such recognition in New Hampshire of the rights created by the Vermont act, cannot, in any proper sense, be termed an extraterritorial application of that act."

The court then points out the contractual relationship between employer and employee, and the incorporation into their contract of statutory rights and duties under the Compensation Act, and states, on page 158 of 286 U.S., on page 575 of 52 S.Ct., 76 L.Ed. 1026, 82 A.L.R. 696:

"The mere recognition by the courts of one state that parties by their conduct have subjected themselves to certain obligations arising under the law of another state is not to be deemed an extraterritorial application of the law of the state creating the [compensation] obligation."

This duty to give full faith and credit to the laws of another State is not unlimited. A recent analysis of the problem appears in 134 A.L.R. at page 1472, and our situation falls within the second category, namely, "If the governmental interest of the state of the forum in the subject of litigation is lacking or slight as compared with the governmental interest of the state for whose statute recognition is sought, the refusal of the courts of the forum to accord that recognition is a denial of full faith and credit."

 It may be stated categorically that there is no public policy of Michigan which would be contravened by recognizing this New York statutory assignment.

As was said in Betts v. Southern R. Co., 4 Cir., 1934, 71 F.2d 787, 789 (which, although cited by plaintiff, recognizes the interest of the insurer who has paid compensation in a state other than that of injury, as a pro tanto assignee under the compensation act, and then follows the practice of the forum that such insurer-assignee is not a necessary party, but the third-party action is prosecuted by the employee or his dependents primarily for the insurer's benefit):

"In the absence of any provision to the contrary in the law of the state of the injury, we think that such (statutory) assignment is governed by the law under which the compensation is accepted. * * * The beneficiary, by accepting the compensation, impliedly agrees to the assignment which the law directs, and is estopped from disputing the rights of the person claiming under the assignment. * * * The assignment of an interest in the recovery was authorized by the law of the state where the assignment was made, and this assignment conflicts in no way with the law of Virginia creating the cause of action (for wrongful death)."

 Michigan recognizes the assignability of a cause of action such as this for damages for personal injuries. Grand Rapids & I. R. Co. v. Cheboygan Circuit Judge, supra. Inter alia, no particular method of assignment is required for transferring choses in action, even parol assignments being recognized. Draper v. Fletcher, 1872, 26 Mich. 154; Hyma v. Three Rivers Nat. Bank, 1890, 79 Mich. 167, 44 N.W. 427; Kolar v. Sosensky, 1931, 255 Mich. 142, 237 N.W. 376.

Statutory mandate requires that the assignee, as the real party in interest, must prosecute the action. Sec. 14010, 1929 Mich.Comp.Laws, M.S.A. 27.654.

The case of Cox v. Detroit United Ry., 1926, 234 Mich. 597, 208 N.W. 745, is particularly in point, and the syllabus succinctly analyzes the case as follows:

"In an action by a soldier in the United States Army for personal injuries caused by a collision [in Detroit] of an automobile in which he was riding, with defendant's street car, testimony that, by the war risk insurance act (38 U.S.C.A. § 502), plaintiff had been required to assign his right of action to the United States, and that he was therefore not the real party in interest, was erroneously excluded, although such defense had not been specially pleaded; [the Michigan statute] providing that every action shall be prosecuted in the name of the real party in interest being mandatory, such defense was available under the plea of the general issue."

However, upon a rehearing, reported in 238 Mich. 527, 213 N.W. 710, it appeared that, while under the war risk act plaintiff might bring his own suit unless an assignment to the Government of his right of action had been required of him, he had not assigned nor had the bureau required or sought an assignment of him, and, consequently, he was still owner of the claim and the real party in interest. To the same effect, see, Lassell v. Gloversville, 1926, 217 App.Div. 323, 217 N.Y.S. 128; Chiles v. Rohl, 1924, 47 S.D. 580, 201 N.W. 154.

The case of Waters, for Use of Commercial Cas. Ins. Co., v. Schultz, 1925, 233 Mich. 143, 206 N.W. 548, arose out of damages to plaintiff's automobile through the alleged negligence of defendant. From a judgment on the merits for defendant, plaintiff appealed. At page 145 of 233 Mich., at page 549 of 206 N.W., after quoting plaintiff's testimony showing that the amount of his damages had been paid by his personal insurer, to whom he had executed an assignment of the cause of action, and for whose benefit he was prosecuting this case, the court stated:

"Because of this testimony, defendant insisted the case was improperly brought, and should be dismissed. Plaintiff insists that, as defendant is the appellee, he cannot now raise the question.

"A like situation developed in the case of Mueller v. Citizens' Telephone Co., 230 Mich. 173, 203 N.W. 129, where it was held that the defendant did not lose the benefit of his motion. When this motion was made by the defendant, plaintiff did not see fit to amend his declaration, but insisted the suit was properly planted, and the trial judge held with him. This feature of the case is not new in this court. Some of the cases are Marshall, etc., Bank v. Mooney, 205 Mich. 518, 171 N.W. 534; Michigan Employers' Cas. Co. v. Doucette, 218 Mich. [363], at page 366, 188 N.W. 507, where it is said: 'What was formerly permissive is now mandatory. All suits must be prosecuted in the name of the real party in interest.'

"[See, also], People, for use of Herbert, v. McKinley, 220 Mich. 112, 189 N.W. 872.

"The motion to dismiss the case for want of the proper party should have been granted."

See, also, Heck v. Henne, 1927, 238 Mich. 198, 213 N.W. 112.

As pointed out in the Moore v. Hechinger case [75 U.S.App.D.C. 391, 127 F.2d 749], relied on by defendant, Rule 17 of the Rules of Civil Procedure requires that where an injured employee has accepted compensation under a workmen's compensation law which operates to transfer to the compensation insurer the right to recover damages from a third party wrongdoer, the injured employee is not a "real party in interest," but his employer's insurer is the sole "real party in interest" and must sue alone in its own name.

There is no conflict on this point between the Michigan and Federal procedural rule, specified above, and the rule in New York. The latter state likewise, under its "real party in interest" statute, Civil Practice Act, § 210, requires that the assignee, as the owner of the cause of action, must sue in his own name. Nelson v. Buffalo Niagara Elec. Corp., supra; Carter v. Brooklyn Ladder Co., 1941, 265 App.Div. 39, 37 N.Y.S.2d 573; Calagna v. Sheppard-Pollak, Inc., supra; Travelers' Ins. Co. v. Brass Goods Mfg. Co., 239 N.Y. 273, 146 N.E. 377, 37 A.L.R. 826.

At one stage of these proceedings, defendant moved to join plaintiff's former employer and its insurer as parties, so that this litigation would be completely res judicata everywhere as to this cause of action, expressing uncertainty, however, as to whether the employer and its insurer, New York corporations, could be induced or forced to come into this jurisdiction and litigate their claim in this action. Plaintiff strenuously opposed this motion, taking the same position as he has throughout, namely, that the New York act has no legal effect on this cause of action. The hearing on the motion to add parties was held open for the filing of depositions, and it had not been renoticed at the time of trial, when defendant relied merely upon his contention that plaintiff is not the real party in interest, and plaintiff contended he is because his former employer and its insurer have no interest herein.

While it appears that "full faith and credit" should be given to this New York act as a public act of another state regarding a subject over which it had legislative jurisdiction, the enforcement of which does not contravene any public policy of this state, the same destination is reached by another approach to the problem, namely, that the rights of the employer's compensation insurer, as owner by assignment of this cause of action, were acquired by contract.

As was pointed out in the case of Annis v. Pilkewitz, 1938, 287 Mich. 68, 77, 282 N.W. 905, 908:

"The substantive provisions of a contract, valid by the law of the State where the contract is made and is to be performed, create a right of property enforceable in another jurisdiction provided it is not contrary to the public policy of the forum. * * * Where a contract * * * is made wholly in and subject to the laws of one State, the law of another State can not determine the substantive rights created by the contract. * * * Refusal by the courts of another State to recognize the right thus arising under the statute, was a failure to give full faith and credit to a 'public act' of the State in which the contract was made * * *. U.S.C.A.Const. Art. 4, Sec. 1."

See, also: Hartford Accident & Ind. Co. v. Delta & Pine Land Co., 1934, 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, rehearing denied 292 U.S. 607, 54 S.Ct. 772, 78 L.Ed. 1468; Bradford Elec. Light Co. v. Clapper, supra; Biddy v. Blue Bird Air Service, 1940, 374 Ill. 506, 30 N.E.2d 14.

The New York Compensation Act has no express provision making it applicable to extraterritorial injuries, and compensation for such is awarded (and was awarded plaintiff) only because an agreement between employer and employee to incorporate the terms of the New York Compensation Act is implied into the New York contract of employment. The leading case which determined this is Post v. Burger & Gohlke, 1916, 216 N.Y. 544, 111 N.E. 351, Ann.Cas.1916B, 158, from which the following excerpts are taken.

216 N.Y. at page 548, 111 N.E. at page 351:

"If the claimant is only entitled to recover compensation for his injuries as for a tort, the general rule that an act of the Legislature, unless otherwise shown, is not intended to apply outside the boundaries of the state is applicable, and the award to him by the commission was erroneous. * * * If it was the intention of the Legislature to require that in every contract of employment in the cases provided by the act, there should be included and read into the contract the provisions of the act and that such provisions should be applicable in every case of injury wherever the employé is engaged in the employment, then the parties are bound thereby without reference to the place where the injury occurs. * * * It is well settled that the Legislature has the power [in a case like that under consideration], to compel a contract between employer and employé that is extraterritorial in effect."

216 N.Y. at page 556, 111 N.E. at page 354:

"It has been urged that if the relation between the employer and employé under the act is deemed contractual, it should even then be held that the intention was to contract with reference to accidents within the state. As against this contention stands the general and comprehensive purpose of the act as stated. The decisions are quite uniformly against such claim of the appellants. The decisions in Connecticut and New Jersey, to which we will call special attention, are applicable to our statute. It may be said that there is an optional feature included in the statutes of those states. (New York is compulsory) That fact goes only to the determination of the question whether the act shall be deemed a part of the contract between the employer and employé and it does not affect the question whether if the relation of the employer and employé is construed as contractual, it applies generally and without the bounds of the state. If the relation between the employer and employé is contractual the contract should be construed as binding upon both parties thereto without limitation as to territory, the same as all ordinary contracts, based upon mutual agreement independent of statutory duty."

216 N.Y. at page 559, 111 N.E. at page 355: "The courts of this state have recognized the compensation laws of other states and countries, and give effect to such laws, unless they are contrary to the laws or policy of this state. (Citing cases.)"

Flinn v. Remington Rand, Inc., 1937, 251 App.Div. 578, 297 N.Y.S. 899 (affirmed 277 N.Y. 641, 14 N.E.2d 199), cited the Post-Burger case as the basis for sustaining an award under the New York Compensation Act for injuries received by a travelling salesman in the course of his employment at a fixed location outside New York.

The recent case of Magnolia Petroleum Co. v. Hunt, 64 S.Ct. 208, also points out the contractual status of an employer and employee in relation to compensation acts.

Much of the foregoing argument is summarized in the case of Reutenik v. Gibson Packing Co., 1924, 132 Wash. 108, 231 P. 773, 777, 37 A.L.R. 830, cited by plaintiff, which, contrary to plaintiff's contentions,

applies the substantive law of California (New York), where compensation was accepted, in a manner consonant with the procedure of the forum, Washington (Michigan), where the injury occurred and common law third party action was maintained. The Washington court said:

"Of course the lex fori determines who shall be proper parties to the suit, the mode of procedure, and the execution of the judgment. These matters are regulated wholly and exclusively by the law of the place where the action is instituted. * * * The law of the forum does not, however, prevent the enforcement of a contract between parties interested in the cause of action, made pursuant to the law of another state, unless prohibited under the law of the forum, and the contract in this case provided that the insurance company should have a lien for all sums of money expended by it on the policy on any judgment that might be recovered against the wrongdoer. That provision is not prohibited by any law of this state, is enforceable, and is as much a part of the law of this state, since it is a part of the contract, as any other phase of the law. * * * The construction of the Workmen's Compensation Law by the courts of last resort of California also is a part of the law of the contract, and therefore a part of the contract."

Upon authority of this Reutenik case, it is said in 11 Am.Juris. 357,

"A statutory provision of one state which becomes a part of a contract of employment, that in case of injury by a third person to the employee, the insurance carrier under the Workmen's Compensation Act shall have a lien for all moneys expended under the policy on any judgment which may be recovered against the wrongdoer, is enforceable in the courts of another state where the injury is caused and suit brought."

In dismissing the injured employee's suit against the third party in Biddy v. Blue Bird Air Service, supra, the Illinois court held the employee contractually bound by the Michigan Compensation Act, under which he had accepted an award, by which the cause of action was transferred to his employer.

Following this theory, the insurer in the instant case contracted for and received title to this cause of action coincident with its payment of compensation more than a year after the injury.

Other than to analyze cases cited by plaintiff, it would serve no useful purpose to review the cases considered in my research on the problem of effect in one state of a compensation award in another state. Suffice it to say that I found it extensively annotated in the following works: 11 N.C. C.A.,N.S., 530; 74 A.L.R. 710; 100 A.L.R. 1143; 134 A.L.R. 1472; 90 A.L.R. 119.

The case of Gilbert v. Des Lauriers Co., supra, cited by plaintiff, upheld the right of a New York employee to seek compensation in New York after having obtained a compensation award in New Jersey, where his injury occurred. Although the pertinency to our problem is remote, it is fully answered by the recent case of Magnolia Petroleum Co. v. Hunt, supra, in which the Supreme Court reached the opposite conclusion.

The following eight cases cited by plaintiff involved actions against negligent third parties after compensation had been paid.

In Solomon v. Call, supra, the Virginia court applied the Pennsylvania law, 77 P.S. Pa. § 1 et seq., under which the employee had accepted compensation and which preserved the employee's right to sue the third party subrogating the compensation insurer to extent of compensation paid, and held the forum compensation law, which is like that of Michigan, inapplicable.

As previously pointed out, in Reutenik v. Gibson Packing Co., supra, the Washington court applied the California law, under which compensation had been accepted, in a manner consonant with the procedure of the forum and so as not to contravene the forum policy.

The Oregon court, in Personius v. Asbury Transp. Co., supra, recognized the foreign compensation law under which compensation had been accepted, but required the third party suit to conform to the procedural law of the forum. This case construed the Idaho Compensation Act as giving a right of subrogation only to the employer. Oregon does not recognize the assignability of tort actions, and has a rule of procedure that the assignee must sue in the assignor's name. Therefore, it permitted the employee to maintain the third party action.

In the other Oregon case cited by plaintiff, Rorvik v. North Pacific Lbr. Company, supra, the court recognized the California Compensation Law, under which compensation had been accepted and by which a pro tanto assignment to the employer was

effected by acceptance of compensation, and held that while the defendant was entitled to have co-owners or other interested parties impleaded, defendant having failed to ask for this could not raise the point on appeal. This case is reviewed in the later Personius v. Asbury Transp. Co. case, and interpreted as being in line therewith.

The Fourth Circuit Court of Appeals, in Betts v. Southern R. Co., supra, recognized the validity of a statutory assignment by the compensation act under which compensation had been accepted, and sanctioned the procedure whereby the compensation insurer, a party to the suit, elected to have the suit by the Administratrix of the deceased employee prosecuted for its use and benefit.

In Saloshin v. Houle, supra [85 N.H. 126, 155 A. 54], the New Hampshire court, with the compensation insurer and Administratrix of the deceased employee both parties to the third party suit, recognized the statutory assignment of the cause of action by the terms of the New York Compensation Law under which compensation had been accepted, and, following New Hampshire procedure that the assignee must sue in the assignor's name, held: "the action may be further maintained in the [Administratrix-plaintiff's] name for the insurer's use and benefit."

In Scott v. Missouri Pac. R. Co., supra, where the employee had accepted compensation under the Kansas Act, which provided that such acceptance operated as an assignment of the third party cause of action to the compensation insurer but suit might be prosecuted in the name of either compensation insurer or employee for benefit of both as their interests might appear, the Missouri court held that the law of Kansas controlled, and sanctioned this suit in which both the insurer and the employee joined as plaintiffs as against the defendant's contention that there was a misjoinder of plaintiffs.

In Bernard v. Jennings, supra, the Wisconsin court held that the election of an employee's widow to accept compensation in Wisconsin did not assign or affect the death action against the third party which, by the applicable Indiana Death Act, was vested only in the employee's Administratrix, on the theory that only the person who owned the death action, the Administratrix, could assign it. This, however, is not the general rule in cases involving the interrelation of both death and compensation acts. See Saloshin v. Houle, supra; Biddy v. Blue Bird Air Service, supra; Ætna Life Ins. Co. v. Moses, 1933, 287 U. S. 530, 53 S.Ct. 231, 77 L.Ed. 477, 88 A. L.R. 647; City of Grand Rapids v. Crocker, 1922, 219 Mich. 178, 189 N.W. 221; Graham v. Michigan Motor Freight Lines, 1943, 304 Mich. 136, 7 N.W.2d 246.

In the last cited case, an employee of the Michigan Motor Freight Lines, doing business in both Michigan and Ohio, had been killed in Michigan by the alleged negligence of an Ohio third-party tortfeasor. The Michigan Compensation Act provides that an employee or his dependents can elect to sue the third party or to claim compensation, but cannot do both, and upon accepting compensation under the Michigan act the cause of action against the third party vests in the employer to the extent of compensation paid. The employee's administratrix started an action for wrongful death in Ohio. In dismissing a subsequent claim for compensation by the same party, as dependent widow, against the Michigan employer, the Michigan court held that, by suing at law against the third party in Ohio, the election had been made which barred compensation in Michigan, and said, 304 Mich. at page 146, 7 N.W.2d at page 250,

"She * * * began suit in the court of common pleas [in Ohio.] A suit in tort must be brought within two years under the Ohio law. She made timely application (thereafter) for compensation in Michigan. Defendant could have asked for prompt hearing. * * * By seasonable action defendants would thus have protected themselves and had the benefit of subrogation, if plaintiff were granted an award.

"It is unnecessary for us to consider whether by subrogation defendants could be substituted as parties plaintiff in the Ohio cause or whether they would be entitled to indemnity from the time of payment of an award if one were made. These questions are not briefed. Any decision on our part would not be binding on the Ohio court and anything we might say would be pure dictum in view of our holding. We believe that under the wording of the Michigan act, we are constrained to hold that plaintiff made an election when she proceeded by bringing suit against the third party tort feasor."

Plaintiff has argued that the New York statute cannot legally operate to abolish plaintiff's right to maintain this action.

The cases on which plaintiff relies do not support such a contention, and the rule is broadly stated in Sec. 401, Restatement on Conflict of Laws, as follows:

"If a cause of action in tort or an action for wrongful death either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place where the contract of employment was made or of the place of wrong, no action can be maintained for such tort or wrongful death in any state."

Defendant also argued that Section 29 of the New York act is a statute of limitations, limiting the time within which suit might be instituted on the cause of action against the third person, and that, as such, the statute operated to bar this action. Plaintiff agreed that this was a statute of limitations, but relied on the general conflict of laws rule that the applicable statute of limitations would be that of the forum, which is three years. Sec. 13976, 1929 Mich.Comp.Laws, M.S.A. 27.605, citing 37 C.J. 729; Home Life Ins. Co. v. Elwell, 1897, 111 Mich 689, 70 N.W. 334; Dowse v. Gaynor, 1908, 155 Mich. 38, 118 N.W. 615.

Statutes of limitation are statutes of repose. McKisson v. Davenport, 1890, 83 Mich. 211, 47 N.W. 100, 10 L.R.A. 507. They contemplate a procedural bar to the right to prosecute a cause of action. The statute in question does not merely specify a limit for judicial enforcement of the cause of action against the third party; it does not abolish the complete cause of action, nor does it cut off all remedy thereon. It contemplates the continued vitality of the cause of action and defines the rights of the employer (or insurer) and employee in and to the cause of action, specifying title rights. It subordinates the employee's title in the first instance to the employer's or insurer's lien. It then specifies the conditions under which such encumbered title is divested from the employee and the absolute title vested in the employer or insurer. When this statutory assignment of the cause of action occurs, the lien of the employer or insurer merges in his title, and no corresponding lien, right or control of the cause of action is granted back to the employee. If, and only if, a sum in excess of compensation payments and legal expenses is recovered by the employer, or insurer, as assignee—which may be by suit or settlement—does any right accrue to the employee, and this right is merely a personal obligation of the employer or insurer to pay the employee not this excess amount, but two-thirds only of such excess. It might be said that the statute gives the employee a specified period of time within which to elect to assign to the employer or insurer title to the cause of action, "if such injured employee * * * has taken compensation" under the Act. As applied to the facts of this case, the conditions specified in the statute are, as the payment of compensation in Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263, conditions precedent for the assignment to the employer's insurer of the cause of action. Under the conditions here involved, the statute operated to abolish plaintiff's title in the cause of action by effecting an assignment thereof to the employer's insurer.

Coincident with its payment of compensation, by virtue of the statutory conditions, the insurer acquired a substantive property right, namely, title as assignee to this cause of action. To construe this statute merely as a procedural limitation which need not be recognized, would be to ignore the title which thereby vested in the insurer.

As was said in McCue v. J. F. Shea Co., Sup., 24 N.Y.S.2d 307, 310, in sustaining the right of plaintiff, an injured employee, to join one Angelilli as defendant in a suit against other third party tortfeasors which had been instituted less than six months after a compensation award:

"Section 29 (of the New York Compensation Act) aforesaid is not a statute of limitations available to Angelilli as a third party; as between plaintiff and him, the former's common law remedy * * * remains unaffected. and the three-year statute of limitations applies."

It seems apparent that a Michigan or New York court would recognize as proper, a case instituted against this defendant by the insurer of plaintiff's former employer, as assignee and legal owner of this cause of action. If this be true, then manifestly, where it appears, as it does from this record, that this case is prosecuted by the assignor in disregard of the rights of his assignee, this court should refuse to sanction such practice, and save this defendant from the possibility of double liability in this or some other state.

Accordingly, an order is being entered herewith, setting aside the verdict and judgment herein, and dismissing the cause of action.